## MILLER v. AYRES ET AL.

1. **Judicial Sale:** MORTGAGE FORECLOSURE: REDEMPTION BY SURETY. Where there has been the foreclosure of a mortgage for the collection of a note secured thereby, a surety on the note, against whom judgment was also rendered in the proceeding, has no right to redeem the mortgaged property from the purchaser at the foreclosure sale.

2. ———: REDEMPTION: "DEFENDANT" DEFINED. The term "defendant" in our statute concerning redemptions *held* to mean, in the case of a mortgage foreclosure, the mortgagor or person holding the legal, or possibly the equitable, title subject to the mortgage.

3. ———: ———: ESTOPPEL. He who seeks to redeem from a sale thereby affirms the validity of the sale.

*Appeal from Marion Circuit Court.*

WEDNESDAY, OCTOBER 4.

THE plaintiff was surety for one Keefer on a promissory note, given to the school fund, which was secured by mortgage. The mortgage was foreclosed and the real estate sold to the defendants. Shortly previous to the expiration of twelve months from the sale, the plaintiff sought to redeem by depositing the proper amount of money in the clerk's office. His right to do so was denied, and this action brought to enforce such right. There was a decree for the defendants and plaintiff appeals.

*John F. Lacy*, for appellant.

*Stone, Ayres & Co.*, for appellees,

SEEVERS, CH. J.—In 1875, H. B. Keefer, I. K. Casey and the plaintiff, executed a note to the school fund; Keefer was the principal debtor, and Casey and the plaintiff his sureties. Keefer and wife executed a mortgage on certain real estate to secure the payment of the note. Afterwards, Keefer gave a mortgage on the same premises to Dunlap & Upham. This mortgage was first foreclosed but no persons were made parties to the proceeding but Keefer and wife. This decree stated the school fund mortgage was the prior lien. The mortgaged premises were sold under the Dunlap and Upham decree in February 1877, and the sheriff had conveyed the premises to the purchasers prior to the time the plaintiff made an attempt to redeem as hereafter stated. The school fund mortgage was duly foreclosed. Keefer, Dunlap & Upham, Casey and the plaintiff were made defendants, but no notice was served on Keefer, nor did he appear to the action. The decree of foreclosure recited the proceedings under the Dunlap & Upham mortgage and stated they were the owners of the mortgaged premises. It also provided a special execution should issue for the sale thereof, and if the judgment was not thereby, satisfied a general execution should issue against Casey and plaintiff. The equity of redemption of Dunlap & Upham was cut off by the decree. The premises were sold under the special execution and purchased by the defendant, Ayres. The right of Keefer to redeem from such sale expired December 20th 1879. Five days before that time the plaintiff paid to the clerk the proper amount of money to redeem from said sale, and the question to be determined is whether he had such right. Such question was presented in the court below by demurrer to the answer.

We have stated the material facts upon which the right claimed by the plaintiff depends, and think the case can be

better determined thereunder than it can by setting out at length the several pleadings. Counsel for the plaintiff insist a surety has the right to redeem to the same extent as the principal debtor, and when he does so, he is entitled to be subrogated to all the rights of the creditor. Authorities are cited in support of this proposition. That a surety before a sale may pay off the debt and be subrogated to the rights of the creditor is possibly true. The authorities cited do not, we think, go farther than this. But the right of any person to redeem after a sale under a mortgage foreclosure depends upon the statute. If there is no statue so providing, there is no such right. The statute does in terms provide that the principal debtor may redeem within twelve months after the sale. But it does not in terms provide a surety may do so. If the latter can exercise the right, it must be deduced from the statutory provisions recognizing the right of redemption from sales under execution. Section 3102 of the Code provides the defendant may redeem, and there are several other sections which so provide. Section 3128 is in these words: "The term 'defendant' as here used is intended to designate the party against whom, and the "plaintiff" the party in favor of whom any execution is issued." Now, as no judgment in the school fund foreclosure was rendered against Keefer, and the execution did not issue against him, but did issue against Dunlap & Upham, Casey and the plaintiff, the latter, it is urged, may redeem because he was defendant in execution. It is clear, we think, the defendant contemplated in section 3102 of the Code is the mortgagor, because it is provided such defendant is entitled to possession during the period the right to redeem may be exercised. This can only mean the mortgagor or owner of the legal title subject to the mortgage. The sections of the Code following section 3102 in no manner enlarge the right therein given. Indeed, all the provisions of the statute refer, as we think, to the principal debtor and to his creditor. During the six months after

the sale the right of the defendant to redeem is exclusive. Code, § 3103. This undoubtedly means the principal debtor. It cannot be successfully claimed, we think, a surety could redeem within the period above stated. During the next three months creditors may alone redeem. When such period expires the "defendant may still redeem at any time before the end of the year as aforesaid." The defendant then entitled to redeem is the same person contemplated in sections 3101 and 3102 of the Code. The term defendant, as used in section 3128, must therefore be construed to mean the principal debtor, or person who has the legal, or possibly an equitable, title in and to the premises sought to be redeemed. It is suggested the decree in the school fund foreclosure is blank as to the amount the plaintiff therein was entitled to recover. As we understand, such is not the fact, but that the case was presented to the court below as though it was, and 3. ——: ——: it is insisted we therefore should regard the de-
estoppel. cree as being blank as to the amount recovered. The relief asked by the plaintiff, as we understand, solely related to the right to redeem. He does not ask to have the sale set aside, and by claiming the right to redeem he affirms the validity of the sale, and we hold he has no such right. This ends the controversy, and the judgment of the Circuit Court must be

