## COOK v. McFARLAND *et al.*

**Mortgage:** CONFESSION OF JUDGMENT ON: SALE WITHOUT REDEMPTION AS PER AGREEMENT: EFFECT ON OTHER CREDITORS. A mortgagor who continues to own the land may, in the form prescribed by statute, execute a confession or warrant authorizing a judgment to be entered against him in favor of the mortgagee for the debt, and a decree foreclosing the right of redemption under the mortgage, and may stipulate therein that the sale of the premises upon special execution under such decree shall be without redemption. And when the judgment and decree thus stipulated for are duly entered, and the land is sold thereunder and a deed immediately made therefor to the purchaser, another creditor who has no lien on the land, but who after the sale obtains judgment against the mortgagor, has no right at law or in equity to redeem from such sale.

*Appeal from Boone District Court.*—HON. JOHN L. STEVENS, Judge.

FILED, OCTOBER 17, 1889.

ACTION in chancery to enforce the alleged right of plaintiff to redeem, as a junior judgment creditor, from a sale of lands upon a senior judgment. The relief sought in the petition was granted by the decree. Defendants appeal.

*S. R. Dyer*, for appellants.

*Berryhill & Henry*, for appellee.

BECK, J.—I. The undisputed facts of the case are these: Hoover and another, being indebted to McFarland, defendant, in large sums, which were secured by certain trust deeds executed by the debtors, on the seventeenth day of April, 1885, executed, in the form prescribed by statute, a confession or warrant authorizing a judgment to be entered against the debtors in favor of the creditors, and a decree foreclosing the rights of redemption under the deeds of trust. The confession of judgment prescribes that execution shall

be stayed without bonds for a time named, and that, upon expiration of the stay provided for, the land shall be sold upon execution, and the sale shall be absolute, and without redemption. The judgment remaining unpaid after the expiration of the stay, on August 11 an execution was issued on the judgment, and the property described in the decree of foreclosure was, on the eighteenth day of September following, sold to the creditor, the defendant in this suit, and a sheriff's deed therefor was immediately executed. On the twenty-second day of January, 1887, plaintiff recovered judgment by confession against one of the parties confessing the judgment to defendant in this action, and, on the fifth day of July following, made a tender to the clerk of a sum sufficient to redeem from defendant herein, and from another judgment creditor, were redemption therefrom allowable. The clerk refused to accept the sum tendered, and to permit the redemption. Upon these facts the district court entered a decree requiring the redemption to be permitted and made.

II. In our opinion, the decree of the district court is not authorized by the facts of the case. We think the rights of the parties as to the redemption are not determined by the statute prescribing redemptions under judicial sales, but rather by the decree of the court entered in the proceeding by confession in favor of defendant. The statute provides that redemption may be made in cases therein contemplated. It cannot be claimed that these provisions defeat redemptions authorized by the agreements of the parties to the action, and provided for by the decrees made therein, when such agreements and decrees are not in conflict with the provisions of the statute. It cannot be doubted that parties to an action of foreclosure may stipulate that sales of real property, made upon a decree rendered therein, shall be absolute, and without redemption; and, when such stipulations are the basis of the provisions of the decree, it cannot be doubted that it is in effect an adjudication, binding upon the parties, which will affect or dispose of titles of land

subject to such adjudication against all persons not holding liens or superior titles or equities. In other and probably plainer language, parties to an action of foreclosure may stipulate that a sale of land upon the judgment to be rendered therein shall be absolute, and without redemption. The court having cognizance of the action may enforce the stipulation by adjudication, making it a part of the decree in the case. A sale and deed under this decree, as against the parties and others not holding superior liens and equities, would pass the title to the purchaser. It is simply the case of a disposition of land by the decree of the court upon agreements of the parties. If the defendant could have executed a deed for the land in satisfaction of his debt which would have passed the title,—and it cannot be doubted that he could,—surely a conveyance made pursuant to a judicial proceeding would be equally effective. The plaintiff in the case had no lien on the land when the decree was entered and the land was sold. He was simply a creditor without a lien or an equity which would forbid the transfer of the land by the debtor in payment of his debts.

III. But it is insisted that the statute provides that the holder of a judgment lien may redeem from a sale on a senior judgment. That is true, if the right of redemption exists. It cannot exist, of course, if the purchaser has acquired a valid title free from lien and equities. In this case he had acquired such a title through the agreement of the parties in the action, the adjudication of the court upon that agreement resulting in a decree declaring that the sale of land shall be absolute, and without redemption, and the sale and deed pursuant to the decree. Surely the agreement of the parties, the decree, the sale and deed will not be disregarded in favor of one who had no lien or equity when defendants' title ripened into perfection by the execution of the deed. In our opinion, these views irresistibly lead to the conclusion that the district court ought to have held that plaintiff, neither in law nor in equity, was entitled to redress, and on that ground should have dismissed his petition.          REVERSED.