SAMUEL C. FRENCH *vs.* GILBERT E. KEMP.

Suffolk.    January 26, 1925. — June 25, 1925.

Present: RUGG, C.J., BRALEY, CROSBY, CARROLL, & WAIT, JJ.

*Pleading, Civil,* Declaration. *Receiver. Waiver.*

In the declaration in an action of "contract or tort" against an individual, the plaintiff alleged that the defendant had been appointed "receiver of the property, moneys, debts and effects of every nature and kind of or belonging to . . . [a certain] partnership mentioned in the bill and he is directed, authorized, and empowered, to collect, get in, and take charge of, all and singular thereof to hold same subject to the further order of the court"; that as receiver he brought an action against the plaintiff and unlawfully attached his property on mesne process; that he recovered judgment in the action, without service on the plaintiff, and execution issued under which a levy was made on the real estate so attached; that the real estate was unlawfully sold by the defendant at a sheriff's sale to satisfy the judgment in part, and, without authority, was purchased by him as receiver; that the plaintiff, before the sale on execution, offered to pay the defendant whatever sum was necessary for the redemption of the property sold, in consideration of the defendant's signing a release of all his interest, as receiver, acquired by virtue of the sale; that the defendant refused to sign "such release

as provided by law, but insisted on incorporating in the release prepared and submitted by him words unnecessary, objectionable to the plaintiff . . . "; that, as the period of redemption and for the carrying out of a contract for the sale of the property which the plaintiff had entered into was drawing to a close, he was obliged to accept the release prepared by the defendant, to his damage; that the plaintiff filed in the Superior Court a petition to vacate the judgment; this he later discontinued; and thereafter the defendant took out an execution for costs, which the plaintiff was compelled to pay to avoid arrest. The defendant filed a demurrer which was sustained, and the plaintiff appealed. *Held,* that

(1) The allegations that the defendant acted "unlawfully" and "without authority" in the matter referred to in the declaration were without specific and definite allegations of fact, and did not set forth concisely and with substantial certainty the substantive facts necessary to constitute a cause of action as required by G. L. c. 231, § 7, cl. 2;

(2) Although the writ did not describe the defendant as receiver, the allegations of the declaration plainly showed that his alleged misconduct was committed while he was acting in that capacity, and in pursuance of his official duty;

(3) Manifestly, the action could not properly be brought against the defendant, as receiver, without leave of the court; and as it was not alleged that such leave had been granted, the action could not be maintained;

(4) The plaintiff, when he proceeded to redeem upon the agreed terms, waived the alleged irregularities in the conduct of the defendant and thereby became estopped to reassert them;

(5) The demurrer rightly was sustained.

CONTRACT OR TORT with a declaration described in the opinion. Writ dated August 8, 1924.

The defendant demurred on the following grounds:

"1. Because the allegations of the declaration are insufficient in law to enable the plaintiff to maintain his action.

"2. Because the plaintiff's declaration does not state concisely and with substantial certainty the substantive facts necessary to constitute a cause of action.

"3. Because it appears that said action is against the defendant in his capacity as receiver appointed by this court in a case pending therein, and it does not appear that the plaintiff has permission of the court to bring suit against said receiver.

"4. Because said action was prematurely brought in that it appears that a writ of error brought by the plaintiff against the defendant is still pending.

"5. Because it appears that the alleged unlawful acts of the defendant have been waived by the plaintiff's redemption of the real estate previously sold on execution.

"6. Because the plaintiff is estopped to deny the legality and regularity of the various proceedings alleged in his declaration, in consequence of his subsequent redemption of the real estate sold on execution as alleged."

In the Superior Court, the demurrer was heard by *Morton,* J., and was sustained. The plaintiff appealed.

The case was submitted on briefs.

*Asa P. French & H. P. L. Partridge,* for the plaintiff.

*C. A. Warren,* for the defendant.

CROSBY, J. This is an action of "contract or tort" brought against the defendant as receiver of a partnership. A demurrer to the declaration, assigning six grounds, was sustained generally. The declaration alleges that the defendant acted "unlawfully" and "without authority" in the matters therein referred to; and, without specific and definite allegations of fact, it does not set forth concisely and with substantial certainty the substantive facts necessary to constitute a cause of action, as required by G. L. c. 231, § 7, cl. 2. *Boston* v. *Treasurer & Receiver General,* 237 Mass. 403. *Cosmopolitan Trust Co.* v. *S. L. Agoos Tanning Co.* 245 Mass. 69, 73. The demurrer was rightly sustained on the first and second grounds.

The decree appointing the defendant recited that he was appointed "receiver of the property, moneys, debts and effects of every nature and kind of or belonging to the partnership . . . he is directed, authorized, and empowered to collect, get in, and take charge of, all and singular thereof to hold same subject to the further order of the court." Although the writ does not describe the defendant as receiver, the allegations of the declaration plainly show that his alleged misconduct was committed while he was acting in that capacity, and in pursuance of his official duty. Accordingly the action must be treated as against him as receiver.

The third ground of the demurrer is that the action was brought against the defendant as receiver appointed by the Superior Court, and that it does not appear that the plaintiff

had permission of the court to bring such suit. Manifestly the action could not properly be brought against the defendant, as receiver, without leave of the court; and as it is not alleged that such leave has been granted, the action cannot be maintained. The demurrer on this ground must be sustained. *Hills* v. *Parker*, 111 Mass. 508. *Porter* v. *Kingman*, 126 Mass. 141. *Nelson* v. *Katzmann*, 243 Mass. 240, 243. *Davis* v. *Gray*, 16 Wall. 203. *Barton* v. *Barbour*, 104 U. S. 126.

It is alleged that the defendant, as receiver, brought an action against the plaintiff and unlawfully attached his property on mesne process; that he recovered judgment in the action, without service on French, in the sum of $19,453.14, and execution issued under which a levy was made on the real estate so attached; that the real estate was unlawfully sold by Kemp at a sheriff's sale to satisfy the judgment in part, and, without authority, was purchased by him as receiver. The declaration further alleges that the plaintiff before the sale on execution offered to pay the defendant as receiver, the sum of $6,717.62, or whatever sum was necessary for the redemption of the property sold, in consideration of the defendant signing a release of all his interest, as receiver, acquired by virtue of the sale; that the defendant refused to sign such release as provided by law (G. L. c. 236, § 33) but "insisted on incorporating in the release prepared and submitted by him words unnecessary, objectionable to the plaintiff . . . "; that, as the period of redemption and for the carrying out of a contract for the sale of the property which the plaintiff had entered into was drawing to a close, he was obliged to accept the release prepared by the defendant, to his damage; that the plaintiff filed in the Superior Court a petition to vacate the judgment; this he later discontinued; and thereafter the defendant took out an execution for costs, which the plaintiff was compelled to pay to avoid arrest.

The foregoing recitals in the declaration make it plain that the contentions of the plaintiff, that the action could not lawfully have been brought by this defendant as receiver without express authority from the court, and that no serv-

ice of the writ was made upon him, and the other grounds of defence alleged, including the levy and sale on execution, were unlawful and invalid, were waived by him when he paid the amount necessary to redeem the property from the sale to Kemp under the sheriff's deed and accepted the release, and they cannot be made the basis of a cause of action against the defendant. It is settled that a party who has paid a demand voluntarily under a claim of right cannot afterwards recover back the amount so paid, although he protests at the time against his liability, and declares that he makes the payment under coercion. *Forbes* v. *Appleton,* 5 Cush. 115. *Rosenfeld* v. *Boston Mutual Life Ins. Co.* 222 Mass. 284, 289. This principle applies to the plaintiff; as he proceeded to redeem upon the agreed terms he thereby waived the alleged irregularities and is now estopped to reassert them.

Accordingly the demurrer was rightly sustained on the fifth and sixth grounds. The fourth ground of demurrer has become immaterial in view of the principles on which this decision rests.

> *Order sustaining demurrer on the first,*
> *second, third, fifth and sixth grounds*
> *affirmed.*