SAMUEL C. FRENCH & others *vs.* GILBERT E. KEMP, receiver.

Suffolk.    March 3, 1930. — March 25, 1930.

Present: RUGG, C.J., PIERCE, WAIT, SANDERSON, & FIELD, JJ.

*Error, Writ of.    Judgment.    Attorney at Law.*

In an action of contract in the Superior Court against seven members of a
partnership, an attachment of the real estate of certain defendants
was made, but no summons was served upon any of them.  An attor-
ney, without authority from the defendants, accepted service of the
writ and conducted a trial of the action in their behalf.  A verdict was
rendered against them, judgment was entered and the real estate
attached was levied upon and sold.  Five of them first learned of
the action a few days after the verdict was rendered.  These defend-
ants employed another attorney, who investigated the status of the
action, conferred with the first attorney and fully informed his five
clients of the situation.  They did nothing thereafter to protect them-
selves until after the entry of judgment about five months later.  The
other two defendants filed petitions under G. L. c. 250 to vacate the
judgment, upon which hearings were had.  All the defendants later
filed a petition in the Supreme Judicial Court for a writ of error to
review the judgment on the ground that the Superior Court, through
lack of service of process upon them, had acquired no jurisdiction over
them.  The petitions to vacate the judgment subsequently were dis-
continued.  Two of the plaintiffs in error thereafter filed petitions to
redeem their real estate, one of which had been allowed and the other
still was pending at the time of hearing of the petition for a writ of
error.  At that hearing, a single justice found that the first five plain-
tiffs in error, through their transactions with the second attorney
and his transactions with the first attorney, consented that the first
attorney should act for them.  *Held*, that
   (1) The finding by the single justice as to the first five plaintiffs in
error was warranted;·
   (2) The other two plaintiffs in error, having pursued a remedy by
way of their petitions to vacate the judgment, had had their day in
court and had no standing to prosecute the petition for a writ of error;
   (3) Two of the plaintiffs in error further were barred of any right to
maintain the petition for a writ of error by their having redeemed or
sought to redeem their land;                                    `
   (4) The judgment of the Superior Court was affirmed.

PETITION for a writ of error, filed in the Supreme Judicial
Court for the county of Suffolk on November 30, 1923, and
afterwards amended.

The case was referred to an auditor. The pleadings, material facts found by the auditor and rulings given and refused by *Carroll*, J., are described in the opinion. The single justice ordered the petition dismissed and reported the case for determination by the full court.

The case was submitted on briefs.

*Asa P. French & J. O. Burdett,* for the plaintiffs in error.

*C. A. Warren,* for the defendant in error.

PIERCE, J. This is a petition for a writ of error to review a judgment recovered in the Superior Court by the defendant in error against the plaintiffs in error, and four others now deceased. The original petition was filed by Samuel C. French and the assignment of errors accompanied the same. This petition was amended by joining as plaintiffs in error without further assignment of error all the defendants in the original action against whom judgments were entered. All but seven of the plaintiffs in error in the amended petition abided by the said judgment. The seven plaintiffs in error seeking to reverse the said judgment are Samuel C. French, Fannie L. Wing, Charles A. Mead, Sytze Damstra, Edward C. Holyoke, Richard F. Mead and Nancy E. Leigh. The errors assigned are in substance as follows: (1) that the Superior Court acquired no jurisdiction over the plaintiffs in error, except through an acceptance of service by one Walter S. Thompson; (2) that an acceptance of service for them indorsed upon the writ by said Thompson was unauthorized by them or any of them; (3) that none of them had knowledge of the bringing or pending of said action until after entry of the judgment in said action; and (4) that French, Holyoke, Brennock and Wing had no knowledge of said action until the publication of the notice of levy and sheriff's sale of real estate belonging to them respectively to satisfy said judgment.

The defendant in error answered, in substance, (1) that in said action the real estate of Samuel C. French, Katherine R. Brennock, Fannie L. Wing and Edward C. Holyoke was attached on the writ and record duly made as required by law, and that by virtue thereof the court in which the said action was pending acquired jurisdiction over such plain-

tiffs in error; (2) that at all times subsequent to said attachment the plaintiffs in error had knowledge of the pendency of the action and authorized, ratified and approved all action taken in connection therewith by one Walter S. Thompson, as counsel, referred to in the petition of said plaintiffs in error; (3) that the action referred to in the substitute petition of the plaintiffs in error was against the defendants in said action as copartners doing business under the firm name and style of Buena Vista Fruit Company of which said Walter S. Thompson was one, and that said Thompson was duly authorized to appear in said action and to act therein for himself and for all other defendants in said action as members of said copartnership; (4) that on August 4, 1923, French and Holyoke, in accordance with the provisions of G. L. c. 250, §§ 15–20, brought petitions in the Superior Court to vacate the judgment complained of, took proceedings in prosecution thereof, and these petitions were pending when the petition for a writ of error was brought, and that said petitions are a bar to the petition for relief prayed for; (5) that the real estate of the plaintiffs in error, Samuel C. French, Katherine R. Brennock, Fannie L. Wing and Edward C. Holyoke, which was attached on the writ in the original action, was sold on execution which issued on a judgment in that action; and (6) that the plaintiffs in error have not exhausted other and complete remedies provided by law.

Upon the completion of the pleadings the case was referred to an auditor "to hear the parties and their evidence, to find the facts, and report the same to the court." The auditor found as follows: The action was brought against the plaintiffs in error, as alleged in the petition, with other persons. The writ issued on February 6, 1918. On February 20, 1918, service was accepted for all the defendants, except certain persons against whom the proceedings were later dismissed and who are not now petitioners, by Walter S. Thompson, an attorney. No summons was served upon any of the plaintiffs in error. Attachments were made upon the real estate of Samuel C. French, Fannie L. Wing, Edward C. Holyoke, Katherine Brennock, Alice A. Bennett, Edna S.

Goodell and Sytze Damstra, and some of these persons first learned of the action after the verdict and some of them when proceedings to levy on their real estate were begun. Thompson, with other counsel engaged by him, entered appearances for the plaintiffs in error, took procedural steps in the case, tried the case before an auditor and participated until judgment was obtained. By virtue of a by-law of the partnership association, article X., which reads "The Trustees shall have power to employ such attorneys, agents, clerks and a treasurer, and to fix the duties to be performed by them . . ." Thompson was early appointed by the trustees counsel for the company, continued to act thereunder, and with the trustees' authority employed other counsel to act in suits against the company. He was one of the original trustees under the declaration of trust, dated December 27, 1907, and at one time, though not at the time the action was brought, was a shareholder (partner) and was the dominant spirit in directing and managing the company's affairs.

The auditor further found that proceedings in four suits brought against the shareholders of the Buena Vista Fruit Company were in evidence. One was prior to the suit complained of and three subsequent to it. Actual service was made upon the plaintiffs in error in all these suits with one exception. Thompson appeared for and engaged other counsel to appear for all the plaintiffs in error. In all these cases he "mainly directed the defence" and "the shareholders were aware of Mr. Thompson's connection therewith."

The auditor further found that the plaintiffs in error, Charles A. Mead, Richard F. Mead, Fannie L. Wing, Nancy E. Leigh and Sytze Damstra had knowledge of the suit within a few days after December 4, 1922, the day the verdict against the plaintiffs in error was rendered. They employed Joseph O. Burdett, an attorney at law, to investigate the matter. He examined the docket and papers, ascertained the nature of the action, and its status, and interviewed Thompson, with whom he was acquainted through other pending suits. Burdett fully informed his clients, the five plaintiffs in error, of the situation, with the result that "nothing was done by the said five plaintiffs in error to protect themselves

until after the judgment was rendered on May 28 of 1923." The auditor specifically finds that these five plaintiffs, through the report of Burdett, acquired knowledge that Thompson had accepted service for them on the writ.

The auditor further finds that on August 4, 1923, the two other plaintiffs in error, Samuel C. French and Edward C. Holyoke, filed separate petitions to vacate the judgment under G. L. c. 250, § 15. On August 21, 1923, an application for supersedeas on each petition was denied, "without prejudice to any rights the parties may be found to have upon any hearing of the petition to vacate judgment." On June 25, 1923, the interest of Samuel C. French in eleven parcels of real estate and the interest of Edward C. Holyoke in one parcel of real estate were levied on and seized upon the execution issued under said judgment, and on August 22, 1923, were sold to the defendant in error by deeds duly delivered. On July 10, 1923, the interest of Fannie L. Wing in real estate in Plymouth County was levied on and seized, and was sold to the defendant in error on August 25, 1923.

The petition for the writ of error was filed on November 30, 1923, and later, on April 29, 1924, each of the said petitioners respectively filed a discontinuance in each action to vacate the judgment. On June 10, 1924, Samuel C. French filed a petition to redeem the eleven parcels of real estate which had been sold on execution. This petition was denied, apparently for the reason that French had conveyed his interest in the property to his wife, Edith P. R. French. On June 19, 1924, a similar petition, filed by Edith P. R. French, was allowed after hearing. On June 28, 1924, French redeemed, his wife waiving her right, and accepted a release of the interest of the defendant in error, the terms of which need not be set out here. On August 23, 1924, the plaintiff in error Fannie L. Wing filed a petition to redeem her real estate sold on execution, the allegation and prayers in substance being the same as in the petition of French and of Edith P. R. French. This proceeding is still pending. On August 8, 1924, the plaintiff in error French brought an action in contract or tort in the Superior Court against the defendant in error. *French* v. *Kemp*, 253 Mass. 75.

The present case on the filing of the auditor's report came before a single justice of this court. The plaintiffs offered the auditor's report and rested. The defendant offered the record of the case of *French* v. *Kemp, supra,* the original trust agreement of the Buena Vista Fruit Company, the certificate of shares, the record of the petitions of Samuel C. French and Edward C. Holyoke to vacate the original judgments, the records of the petitions to redeem of Samuel C. French and Fannie L. Wing. The plaintiffs objected to the admission of this evidence. The justice ruled that it was admissible and the plaintiffs duly excepted. The plaintiffs filed requests for rulings as follows: " (1) To that, upon the facts as found by the auditor, the plaintiffs are entitled to the protection of the writ; (2) To rule that Article X of the Declaration of Trust of the Buena Vista Fruit Company, does not authorize an attorney appointed by the trustees of the Company to appear and act as attorney for individual shareholders in respect to their individual property, outside of the association or partnership property, and their interest therein; (3) To rule that Article X of the Declaration of Trust does not authorize or empower such attorney, so appointed, to accept service of writs for the several shareholders, without their knowledge or consent, in actions against the partnership. (4) To rule that Article V of the By-laws of the Company, which provides for the appointment, by the trustees, of a general counsel, does not give such counsel authority, without notice, to act for the individual shareholders, or to accept service of writs for them individually, without their knowledge or consent; (5) To rule that, upon all the facts found by the auditor, Samuel C. French and Edward C. Holyoke, by filing petitions to vacate judgments, in the suits which subsequently were discontinued by them, are not thereby estopped from prosecuting this writ of error; (6) To rule that, upon the facts found and reported by the auditor, the plaintiff Samuel C. French, by redeeming his real estate sold on execution, after levy under the judgment complained of, is not estopped from prosecuting this writ of error; (7) To rule that the decision of the Supreme Judicial Court, rendered upon demurrer, in

*French* v. *Kemp*, 253 Mass. 75, does not bar Mr. French from prosecuting this writ of error." The justice gave the rulings requested numbered two, three and four and refused the others; the plaintiffs saved an exception. He found "that the plaintiffs Charles A. Mead, Richard F. Mead, Fannie L. Wing, Nancy E. Leigh and Sytze Damstra, by their acts, conduct and dealings with Joseph O. Burdett and his transactions with Thompson, consented that Thompson should act for them as their attorney"; ordered the petition dismissed, and at the request of the plaintiffs reported all questions of law for the consideration of the full court.

The finding that the plaintiffs in error Charles A. Mead, Richard F. Mead, Fannie L. Wing, Nancy E. Leigh and Sytze Damstra, by their acts, conduct and dealings with Joseph O. Burdett, consented that Thompson should act for them as their attorney is fully warranted as a conclusion of fact from the facts found by the auditor, which are set out above somewhat in detail. If we assume, as the auditor found, that Samuel C. French and Edward C. Holyoke authorized no attorney or any one representing him to accept service of the writ dated February 6, 1918, or to appear for him in said action and that neither of them had in fact actual knowledge before judgment that the action was pending against him, it is nevertheless true on the facts found that these plaintiffs had no standing to prosecute the writ of error and that the petition was rightly dismissed. Under the provisions of G. L. c. 250, § 15, the plaintiffs in error individually had a plain and adequate remedy by petition to vacate the judgment. In fact before the writ of error was brought they pursued that remedy; they filed separate petitions on August 4, 1923, had hearings thereon to the point where a supersedeas was denied without prejudice to any rights the parties may be found to have upon any hearing of the petition to vacate the judgment, discontinued the petitions on April 29, 1924, and on May 15, 1924, on each petition were ordered to pay costs. A petition to vacate a judgment under G. L. c. 250 is an original action wherein, upon hearing, the court may vacate such judgment and dispose of the case as if the judgment had not been entered.

From the decision on the petition to vacate judgment, an appeal or exceptions, as the case may be, will lie to this court. The plaintiffs in error had their day in the Superior Court and should not be permitted to have a reëxamination and a reconsideration of their complaint in this court otherwise than by an appeal from the Superior Court.

The plaintiff in error French and the plaintiff in error Fannie L. Wing are also barred from any right to attack the judgment by reason of the fact that they have redeemed or sought to redeem by petition their property which was attached and sold on execution. *French* v. *Kemp, supra.*

The rulings of the single justice were right, and the entry must be, judgment of the Superior Court affirmed.

*So ordered.*