Don Weiler BENNION, Executor of the Estate of Heber Bennion, Jr., et al.,
Plaintiffs and Respondents,

v.

Dudley M. AMOSS and Diana M. Amoss, his wife, Defendants and Appellants,

Daggett County Development Corporation, a corporation, Applicant for Intervention and Appellant.

No. 13551.

Supreme Court of Utah.

Jan. 9, 1975.

See also 30 Utah 2d 312, 527 P.2d 1008.

Bryce E. Roe, Roe & Fowler, Salt Lake City, for defendants and appellant.

Arthur H. Nielsen and Randall L. Romrell, Nielsen, Conder, Hansen & Henriod, Salt Lake City, for plaintiffs and respondents.

LEARY, District Judge:

Appeal from an order denying the motion of defendants Amoss to vacate a foreclosure sale and from an order denying the motion of applicant for intervention, Daggett County Development Corporation, to intervene.

This is the fifth time this court has been called upon to settle differences in regard to the problems arising out of the transactions involving the contract entered into between appellant Dudley M. Amoss and

respondents' predecessor, Heber Bennion, on August 12, 1964. The most recent decision of this court was rendered December 27, 1973. Prior decisions are Amoss v. Bennion, 18 Utah 2d 251, 420 P.2d 47 (1966); Amoss v. Bennion, 23 Utah 2d 40, 456 P.2d 172 (1969); and Bennion v. Amoss, 28 Utah 2d 216, 500 P.2d 512 (1972).

This instant case commenced as an action to foreclose a mortgage. Respondents were successful in obtaining a summary judgment on their complaint and a decree of foreclosure on the property which decree appellants Amoss appealed to this court.

Upon the affirmance by this court of the decision of the lower court,[1] the lower court on November 20, 1972, entered an amended decree of foreclosure and an order of sale. The sheriff's sale was set for December 15, 1972.

Prior to the foreclosure sale, appellants Amoss filed a motion to postpone the foreclosure sale alleging as grounds therefor that appellants had not been given sufficient notice of the entry of the amended decree; that the amended decree of foreclosure failed to provide that the mortgage premises be divided and sold in parcels; that it failed to apportion equitably among the parcels of property the 800 shares of stock in Sheep Creek Irrigation Company, that appellants were prepared to pay the amount owing if given additional time to do so; and that the holding of the foreclosure sale on December 15, 1972, would require defendants to pay a penalty of approximately $7,600 in order to redeem the property after the mortgage sale.

Appellants Amoss's motion to postpone the foreclosure sale was denied by the lower court on December 14, 1972. No appeal was taken from the denial of this motion.

The foreclosure sale proceeded on December 15, 1972, as advertised, with the only bidders being respondents and appellant Dudley Amoss on behalf of appellant Daggett County Development Corporation.

At the sale appellant Amoss's request for the sale of the property in parcels was refused by the sheriff. Thereafter respondents bid for the property the sum of $128,550 which was the amount of the mortgage debt, interest, and costs. On behalf of appellant Daggett County Development Corporation, appellant Amoss attempted to bid for the property in the sum of $130,000 payable 10% down and the balance within a week or ten days. The bid of appellant Amoss was refused as not being a cash bid and, since there was no other bids, the property was sold to respondents.

Subsequent to the foreclosure sale and prior to December 29, 1972, appellants Amoss assigned to appellant Daggett County Development Corporation all of their right, title, estate and interest in and to the property specifically including, without limitation, any equity of redemption. On December 29, 1972, appellant Daggett County Development Corporation paid to the respondents the sum of $138,691.56 as and for the redemption of said property which amount included a 6% penalty on the purchase price together with taxes and other costs which had been paid by the respondents subsequent to the purchase by them at the sheriff's sale.

Thereafter, on January 19, 1973, appellants Amoss filed a motion to vacate the foreclosure sale on the grounds of (1) chilled bidding; (2) failure to offer the land for sale in parcels; (3) the sheriff's demand for the entire purchase price in cash at the time of the sale; (4) oppressive conduct by the mortgagees; and (5) grossly inadequate price. Prior to the hearing of the Amoss motion, appellant and applicants for intervention, Daggett County Development Corporation, filed a motion to intervene as a defendant.

The lower court denied appellants' motion to vacate foreclosure sale on the following grounds:

(a) The record, including motion to vacate foreclosure sale, does not contain

---

1. 28 Utah 2d 216, 500 P.2d 512.

sufficient ultimate facts to require the court to vacate the sale in the exercise of its sound discretion. Two of the grounds set forth in the motion have been ruled upon previously, and there does not appear to be any compelling reason to modify that ruling. The remainder are irregularities which may or may not have prejudiced the defendant, depending upon the evidence, but in any event, the court holds that they were waived by the redemption.

(b) There is some merit in bringing litigation to an end, and the court believes that more mischief and inequity would result from setting aside the sale than is alleged to have resulted from irregularities in the sale.

The lower court also denied the motion of appellant Daggett County Development Corporation to intervene as a defendant on the gounds that there was no pending action in which to intervene.

In the case of Tanner v. Lawler, 6 Utah 2d 258, 311 P.2d 791 (1957) this court discussed the effect of a redemption from a sheriff's sale as follows:

We adhere to our holding that the provisions of Rule 69(f)(5) dealing with the right of a judgment debtor who redeems his property from the sheriff's sale in a foreclosure action gives him different rights than if he takes an assignment of the sheriff's sale certificate. Under the above provisions of Rule 69(f)(5) had Reichert redeemed from the sheriff's sale as a judgment debtor and as successor of the interest of the Lawlers, the effect of the foreclosure sale would have terminated.

The general effect of a redemption as stated in 47 Am.Jur.2d, Judicial Sales, paragraph 348, page 572, by the judgment debtor or his successor "restores the property to the same condition as if no sale had been attempted."

See, also Rule 69(f)(5), U.R.C.P., which states in part:

. . . If the debtor redeems, the effect of the sale is terminated and he is restored to his estate. Upon a redemption by the debtor, the person to whom the payment is made must execute and deliver to him a certificate of redemption, duly acknowledged.

With respect to waiver or estoppel, Section 400 of 47 Am.Jur.2d, Judicial Sales, page 611, states the law as follows:

Persons interested in a judicial sale or the property sold may by disclaimer waive defects in such sale, even as to its fraudulent character, and thereby estop themselves from later challenging its validity. As a general rule, any act of participation by one for whose benefit the sale is made which shows approval of or acquiescence in the proceedings for the sale of land, including such an act by the beneficiaries of the decedent in cases involving an executor's or administrator's sale, may, under the conditions necessary to invoke waiver to estoppel, preclude him from challenging the validity of the sale for defects short of those which would render it a complete legal nullity . . . . Thus, an heir who assents to a sale under a void decree, and acts as one of the commissioners thereat, passes in equity a good title to his share. *Included in such conduct is bidding, or redemption of or an attempt to redeem the property.*

Cases cited in support of this statement include Holcomb v. Boynton, 151 Ill. 294, 37 N.E. 1031; Miller v. Ayers, 59 Iowa 424, 13 N.W. 436, holding that one who deposited the amount of the debt in the clerk's office prior to the expiration of the period of redemption affirmed the validity of the sale insofar as his redemption rights depended on a determination of that question.

Also, in the case of French v. Kemp, 253 Mass. 75, 148 N.E. 442, the court held that where a redemption of the property has taken place, the person redeeming is estopped from asserting any invalidity to the sale.

We conclude that by the redemption of the property, any irregularities in

the foreclosure sale were waived, that the appellants were estopped from asserting any invalidity, and that the property was restored to the same condition as if no foreclosure sale had occurred. Hence, the matter having been completely adjudicated by the sale and redemption of the property, no action is pending in which appellant Daggett County Development Corporation can intervene.

The decision of the trial court is affirmed. Costs to respondents.

CALLISTER, C. J., and ELLETT and TUCKETT, JJ., concur.

HENRIOD, J., does not participate herein.

CROCKETT, J., having disqualified himself, does not participate herein.