JOHN HANCOCK MUTUAL LIFE IN-SURANCE COMPANY, Plaintiff,

v.

The BRUENING FARMS CORPORA-TION, et al., Defendants.

No. 81–2034.

United States District Court,
N. D. Iowa, E. D.

April 23, 1982.

Isadore Meyer, Richard D. Zahasky, Decorah, Iowa, for plaintiff.

Robert L. Teig, Asst. U. S. Atty., Cedar Rapids, Iowa, Donald H. Gloe, Decorah, Iowa, William W. Graham, Des Moines, Iowa, Richard R. Phillips, Dennis G. Larson, Decorah, Iowa, James R. Hellman, Gary D. Iversen, Waterloo, Iowa, Kevin J. Kennedy, New Hampton, Iowa, for defendants.

## ORDER

McMANUS, Chief Judge.

This matter is before the court on plaintiff's resisted motion for summary judgment, filed December 18, 1981, and on defendant United States of America's (USA's) resisted renewed motion for summary judgment, filed March 29, 1982. Ruling in accordance with order.

This matter was first before the court on February 1, 1982. At that time, the court ordered summary judgment in favor of plaintiff and USA and against all other parties except AgriStor Credit Corp. (AgriStor), Peters, Security Bank and Trust Co. (Bank), and Bruening Farms Corporation (Farm Corp.) and the various Bruening family members. The court also directed plaintiff, USA, and these remaining parties to make additional filings with regard to the motions sub judice. Those filings having been received, the court now resolves the various issues still extant. In this regard, however, no effort will be made to again set out the facts of this case.

As indicated in the order of February 1, 1982, plaintiff and USA seek by their motions to have their respective mortgages foreclosed, the mortgaged property sold, and the sale proceeds distributed to cover the costs of the foreclosure sale, the court costs of this action, the indebtedness of Farm Corp. to plaintiff, and the indebtedness of Farm Corp. to USA, in that order. Also, USA seeks to have all parties foreclosed of all right, title, interest and right of redemption in and to the property in question and a determination quieting title to said property in its purchaser. Based on the filings of plaintiff, USA, AgriStor, Bank, and Peters, the court makes several initial comments. First, it is noted that plaintiff and USA concede the priority of AgriStor's security interest in various items of equipment or machinery. Accordingly, plaintiff and USA's motions will be denied as to AgriStor. Second, in their filings, Bank and Peters consented to plaintiff and USA's motions with the understanding that their security interests in the subject prop-

erty be held to follow those of plaintiff and USA, with Bank's preceding Peters'. Therefore, the motions sub judice will be granted as to these two parties. Third, both plaintiff and USA concede the priority of defendant Hugo Bruening's security interest in all mineral rights in and to the subject property. Accordingly, their motions will be denied as to this party.[1]

What remains for the court's consideration is the joint resistance of Farm Corp. and the individual Bruenings to the motions of plaintiff and USA. The sole contention advanced by those parties is that there exists a factual question whether they waived their statutory redemption rights in the mortgaged property.[2] At the outset, it must be noted that the record owner of the mortgaged property is Farm Corp. alone. None of the Bruenings owns the property. Also, the only mortgagor of that property was Farm Corp. Therefore, the only one who could possibly redeem that property is Farm Corp.; no individual Bruening family member could possibly redeem that property under the applicable Iowa law. Iowa Stat. § 628.3; *Miller v. Ayres*, 59 Iowa 424, 13 N.W. 436 (1882).

Farm Corp. contends that it has not, indeed, that it could not have, waived its statutory redemption right granted by the Iowa legislature. The major premise to this contention is that Iowa law, not federal law, controls the determination of this question. USA maintains, first, that federal law controls and that no right of redemption exists under federal law. Secondly, even assuming that Iowa law governs, USA maintains that Iowa law does not preclude the waiver of redemption rights and that such a waiver occurred in this case.

The controlling case in this area is *United States v. Victory Highway Village, Inc.*, 662 F.2d 488 (8th Cir. 1981).[3] There it was held that federal law, not state law, governs the rights and liabilities of parties in cases dealing with remedies available upon default of federally held or insured loans, 622 F.2d at 497, and, therefore, that state redemption statutes are inapplicable to the foreclosure of such loans. Furthermore, the court held that no statutory redemption rights exist under federal law. *Id.* at 497–98. On the strength of *Victory Highway*, the court determines that plaintiff and USA's motions must be granted. Even without *Victory Highway*, though, the court would still grant these motions, for Iowa law does not preclude a waiver of the statutory redemption right, *Cook v. McFarland*, 78 Iowa 528, 43 N.W. 519 (1889),[4] and

---

1. The recent filings of plaintiff and USA confirm the understanding of the court that was set out in footnote one of the February 1, 1982, order, to-wit, that Hugo Bruening, although named as a party defendant, is not the object of any claim for relief in either plaintiff's complaint or USA's cross-claim.

   The court also pointed out in footnote one that USA in its cross-claim asserted no claim against any of the Bruening family members. In response, USA on February 8, 1982, filed a motion to amend to assert a claim against those persons. A resistance to this motion was filed on March 15, 1982, but the only ground asserted is that USA's motion is untimely. No legal brief or citation of authorities was filed. Pursuant to FRCP 15 and Local Rule 2.2.6, USA's motion to amend will be granted.

2. Importantly, the fact of the execution of the mortgages and underlying notes in favor of plaintiff and USA and the fact of default are not contested. Furthermore, Farm Corp. and the Bruenings do not challenge the existence of Bank's and Peters' security interests. Lastly, they do not argue against foreclosure, sale, and distribution of the proceeds in the manner proposed by USA.

3. The authorities cited by Farm Corp. are distinguished on the grounds that they preceded *Victory Highway* and that they are not Eighth Circuit decisions.

4. Throughout their brief, defendants refer not to a statutory right of redemption, but to the "equity of redemption," and they argue that the equity of redemption cannot be waived. "Equity of redemption" is defined as the pre-foreclosure right to discharge indebtedness and thereby clear property from the encumbrance of a mortgage, 55 Am.Jur.2d, Mortgages § 900, at p. 780 (1971), whereas a statutory redemption right refers to the debtor's right to regain property lost through foreclosure and sale. *Id.; see United States v. Victory Highway Village, Inc.*, 662 F.2d at 498. While it is perhaps true that the equity of redemption cannot be waived, *see Peugh v. Davis*, 96 U.S. 332, 337, 24 L.Ed. 775 (1878), the issue in this case is not whether such a right was waived. Rather, the issue

the pertinent mortgage in this case clearly shows such a waiver.[5]

It is therefore

ORDERED

1. Motions denied as to defendants Hugo Bruening and AgriStor Credit Corp.

2. Motions granted in all other respects. April 23, 1982.

here is whether Farm Corp. waived its statutory redemption rights.

5. Paragraph 19 of the mortgage executed by Farm Corp. in favor of USA provides in part: