RESOLUTION TRUST CORPORATION as Receiver for Midwest Savings Association, F.A., Plaintiff,

v.

Robert L. JOHNSON, individually, Mary A. Johnson, individually, the Prudential Insurance Company of America, the Commissioner of the Internal Revenue Service, the State of Minnesota Department of Revenue, John Doe and Mary Rowe, Defendants.

No. 3–92 CIV 295.

United States District Court, D. Minnesota, Third Division.

Dec. 9, 1992.

Trawick & Smith, P.A. by Leon Trawick and O'Neill, Burke, O'Neill, Leonard & O'Brien, Ltd. by Eric D. Cook, Minneapolis, MN, for plaintiff.

Fruth & Anthony, P.A. by Joseph W. Anthony, Norman J. Baer, and Margaret R. Manderfeld, Minneapolis, MN, for defendants Robert and Mary Johnson.

### ORDER

ALSOP, Senior District Judge.

This matter came before the Court on October 30, 1992, on plaintiff Resolution Trust Corporation's Motion for Summary Judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure. Resolution Trust Corporation (the "RTC") also asks this Court for a decree of foreclosure to allow it to satisfy its judgment.

## I. BACKGROUND

The defendants, Robert and Mary Johnson, own real estate ("the Property") in Hennepin County, Minnesota. On June 4, 1986, Robert Johnson delivered to Midwest Federal Savings and Loan Association of Minneapolis ("Midwest") a promissory note ("the Note") for nine million dollars. Robert Johnson's obligations under the Note were secured by a mortgage ("the Mortgage") and an assignment of leases and rents, each executed by Robert and Mary Johnson. The RTC is the successor to the Note and Mortgage.

Robert Johnson has not made the payments due under the Note since November of 1991. Therefore, the Note is in default. The Note is also in default as a result of Robert Johnson's failure to pay real estate taxes on the Property.

The Mortgage contains a power of sale clause that allows its holder to foreclose on the Property to satisfy the debt secured by the Mortgage and to recover the costs and expenses of foreclosure allowed by law. In addition, the terms of the Note and the Mortgage, upon a default, authorize the holder to declare the entire unpaid balance due.

The Johnsons do not dispute that the Note is in default. However, prior to the hearing on this motion, the RTC was unable to produce the original Note. The Johnsons argued that a fact issue existed as to whether the RTC was the holder of the Note and, therefore, whether the RTC was the proper plaintiff in this action. At the hearing, the RTC produced the original Note, and the Johnsons have abandoned this argument.

Prior to the hearing, there was also a dispute with regard to the amount due under the Note. The parties have since stipulated that the total amount due as of November 1, 1992, is $8,631,942.80 and that interest is accruing at a per diem rate of $1,655.73.

Defendants Commissioner of the Internal Revenue Service and the State of Minnesota Department of Revenue were served with the plaintiff's Complaint, but have not answered. Defendant Prudential Insurance Company of America was previously dismissed from this lawsuit by stipulation and order of this Court dated July 23, 1992.

The only issue left for the Court is whether the Johnsons are entitled to a redemption period following the foreclosure. The RTC argues that, as a matter of federal law, the Johnsons are not entitled to a redemption period. The Johnsons argue that the Note and Mortgage are governed by Minnesota law, and, therefore, they are entitled to the statutory twelve-month redemption period.

## II. ANALYSIS

### A. The Note and the Mortgage

Summary judgment is appropriate when "there is no genuine issue as to any material

fact and ... the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c). There are no material disputed facts regarding Robert Johnson's default on the Note. Therefore, the RTC is entitled to summary judgment on the Note for $8,631,-942.80 and additional interest accruing from November 1, 1992, at a per diem rate of $1,655.73. Under the terms of the Mortgage, the RTC is also entitled to a decree of foreclosure.

## B. The Appropriate Redemption Period

As the Court has noted, the parties disagree on whether the Johnsons are entitled to a redemption period. The RTC argues that federal law applies to this issue and that, under federal law, the Johnsons are not entitled to any statutory redemption period. Instead, the RTC proposes that this Court equitably impose a thirty-day redemption period. The Johnsons argue that state law expressly governs the terms of the Note and the Mortgage and that they are entitled to a twelve-month statutory redemption period under Minn.Stat. § 580.23 (1990). Alternatively, the Johnsons argue that, if federal law applies, state law should be adopted as the federal rule of decision.

■ Since 1979, it has been settled that federal law applies to cases in which the federal government is foreclosing on a lien. *See United States v. Kimbell Foods, Inc.,* 440 U.S. 715, 726–27, 99 S.Ct. 1448, 1457–58, 59 L.Ed.2d 711 (1979); *United States v. Victory Highway Village, Inc.,* 662 F.2d 488, 497 (8th Cir.1981) ("[F]ederal law, not Minnesota law, governs the rights and liabilities of the parties in cases dealing with the remedies available upon default of a federally held or insured loan."). Although the Johnsons correctly point out that the express terms of the Note and the Mortgage state that they are governed by Minnesota law, these terms must give way to the interests of the federal government. *See Kimbell Foods,* 440 U.S. at 727, 99 S.Ct. at 1457 ("[F]ederal interests are sufficiently implicated to warrant the protection of federal law.").

■ Having concluded that federal law controls the rights of the parties in this case, the Court must determine whether a uniform federal rule is needed or whether state law should be adopted as the federal rule of decision. *Id.* at 728, 99 S.Ct. at 1458. Predictably, the RTC argues that a uniform federal rule granting the mortgagor no statutory redemption rights is necessary, and the Johnsons argue that the state law should be adopted as the federal rule.

In *Kimbell Foods,* the Supreme Court articulated three factors relevant to this determination:

(1) Does the nature of the federal program require a nationally-uniform rule of law?

(2) Would the application of state law frustrate specific objectives of the federal program?

(3) Would application of a federal rule disrupt commercial expectations?

440 U.S. at 728–29, 99 S.Ct. at 1458–59. Almost two years later, the Eighth Circuit decided a case involving a foreclosure on real estate by the federal government and held that "state redemption statutes are not applicable to foreclosure of federally held or insured loans under the National Housing Act. Under federal law, no statutory right of redemption after foreclosure exists." *United States v. Victory Highway Village, Inc.,* 662 F.2d 488, 498 (8th Cir.1981) (citations omitted). Although the case was decided after the Supreme Court handed down *Kimbell Foods,* the Court of Appeals did not utilize the three-factor analysis articulated in that decision. The *Victory Highway* decision, nonetheless, has been cited and followed in several district court decisions for the proposition that federal law applies in cases involving federal government foreclosures and no right of redemption exists thereunder. *See, e.g., Little Earth of United Tribes, Inc. v. United States Dep't of Hous. and Urban Dev.,* 675 F.Supp. 497, 537 (D.Minn.1987); *John Hancock Mut. Life Ins. Co. v. Bruening Farms Corp.,* 537 F.Supp. 936, 938 (N.D.Iowa 1982). *But see United States v. Elverud,* 640 F.Supp. 692, 695–96 (D.N.D. 1986) (citing *Victory Highway* for the proposition that federal law applies, but using *Kimbell Foods* to separately determine that no redemption period existed).

The Johnsons attempt to distinguish these cases on the facts by pointing out that the

courts were not dealing with scenarios where a federal agency was in the position of an assignee of a private entity that entered into a mortgage expressly governed by state law. The Johnsons argue that if *Kimbell Foods* is properly applied to the facts of this case, Minnesota state law would provide the appropriate rule of decision. This argument, however, was rejected in the unreported decision of this Court in *Resolution Trust Corp. v. Bermel Inv. Co.*, No. 3–90–448 (D.Minn. May 1, 1991) (Magnuson, J.) (order granting summary judgment and decree of foreclosure).

In *Bermel*, the RTC brought an action to foreclose on commercial property located in Eden Prairie, Minnesota. *Id.*, slip op. at 2. Having first concluded that federal law governed the rights of the parties, Judge Magnuson then applied the *Kimbell Foods* factors to determine whether to adopt a uniform rule or state law as the rule of decision on redemption. *Id.* at 6.

Applying the first factor, the need for a national uniform rule, Judge Magnuson found that, given the RTC's "massive task of maximizing the return and minimizing the losses on the assets of failed savings and loan associations, ... it would not be sound policy to subject the RTC to the myriad of different state laws regarding redemption." *Id.* at 8. Supporting this finding was the fact that "[t]he RTC is essentially acting as an involuntary creditor." *Id.*

Under the second factor, frustration of federal objectives, Judge Magnuson found that "[a] long redemption period frustrates lenders by decreasing the money recovered and delaying recovery" and "strikes at the very heart of the RTC's mission." *Id.* at 9.

Judge Magnuson conceded that the third factor under the *Kimbell Foods* test, the commercial expectations of the parties, favored the defendant land owners. *Id.* at 9. He found, however, that "[d]espite this expectation factor, ... the RTC's need for uniform federal redemption law is paramount given the extent of the task before it." *Id.* at 10. Accordingly, Judge Magnuson held that the defendant land owners were not entitled to the Minnesota statutory redemption period. Instead, he adopted the seven-day redemption period proposed by the RTC. This order was later modified and the redemption period was extended to sixty days.

Although the issue is not free from doubt, the Court will adopt the rationale of the *Bermel* opinion. Therefore, the Court concludes that the mortgagors are not entitled to a statutory period of redemption. The Court will equitably grant to the Johnsons a ninety-day period of redemption following the date of this Court's order confirming the foreclosure sale.

■ The final issue requiring resolution is the Johnsons' argument that a diminution of the redemption period constitutes a "taking" of property under the Fifth Amendment of the United States Constitution. The Johnsons argue that they are entitled to have the value of this property offset against their personal liability on the Note. This argument was also raised in *Bermel*. Judge Magnuson correctly rejected this argument because, as this Court also holds, the defendants do not have a right to a redemption period under federal law. Therefore, there can be no property and no taking under the Fifth Amendment.

Accordingly, based upon a review of all the files, records, and proceedings herein,

**IT IS HEREBY ORDERED** That

1. Plaintiff's Motion for Summary Judgment is GRANTED.

2. Pursuant to the terms of the Note and Mortgage, there is due and owing a total indebtedness to the RTC of $8,631,942.80, together with interest in the sum of $62,917.74, calculated from November 2, 1992, to the date of this order at a per diem rate of $1,655.73, plus costs, disbursements, and attorneys' fees.

3. Judgment shall be entered as follows: IT IS ORDERED, ADJUDGED, AND DECREED That plaintiff Resolution Trust Company have and recover from the defendant Robert L. Johnson the sum of $8,694,860.54, plus costs, disbursements, and attorneys' fees.

4. The Mortgage shall be foreclosed and the real property that is the subject of

this action shall be sold by the United States Marshal of this district at a public sale at the courthouse in Hennepin County as one tract according to the provisions of law relating to the sales of real estate on execution to satisfy the total amount herein adjudged due under the Note and Mortgage and unpaid as of such sale, and interest as may from time to time be outstanding and unpaid, and the costs and expenses of such sale, subject however, to redemption within ninety (90) days from the date of the Order of this Court confirming such sale.

5. Defendants Robert L. and Mary A. Johnson, and all persons claiming by, through or under them, or any of them, shall forever be foreclosed and barred of all right, title, estate, interest, and claim in or to the land and every part thereof, save only the right to redeem the land for ninety (90) days from the date of the Order confirming such sale by this Court.