ELMER A. SYLVESTER *vs.* ZACHARIAS A. HUBLEY.

Worcester. October 5, 1892. — October 21, 1892.

Present: FIELD, C. J., HOLMES, KNOWLTON, MORTON, & LATHROP, JJ.

*Petition for Writ of Review — Negligence or Misconduct of Attorney.*

The question whether to grant a review, and if so on what terms, is addressed largely to the discretion of the judge, and this discretion should be exercised so as to promote the administration of justice and not to encourage carelessness, ignorance, and laxity of practice.

While it is true, as a general rule, that a review should not be granted when the petitioner's only cause of complaint grows out of the negligence or misconduct of his attorney, but he should be left to seek his remedy against him who is responsible for the wrong, yet this court cannot say that a justice of the Superior Court has no power to grant a review for that reason, especially in a case where the justice may have found that there was a misunderstanding between the petitioner and his attorney, which was not wholly imputable to negligence on the part of either of them.

PETITION, filed in August, 1891, for the review of a judgment for $678.17 and costs, obtained by the respondent against the petitioner in July, 1891, in an action in the Superior Court. Hearing in the Superior Court, before *Bond*, J.

The only cause of complaint was the failure of the petitioner's

attorney to attend at the trial and to notify the petitioner of the time when the case would be reached. The petitioner's affidavit was as follows : " I did not know of trial until I was served with notice of sale on execution. I did not receive any notice of trial of any kind from anybody."

The petitioner's attorney made the following affidavit:

" I was employed by Elmer A. Sylvester, of Orange, to defend an action of Z. A. Hubley, of Worcester, against him and his brother Amasa, entered in the Superior Court for the County of Worcester on or about February, 1890, and entered my appearance accordingly and filed an answer to the suit. It was continued from term to term until November sitting, when it was placed on the trial list, but by agreement of parties was continued again. . . . I had kept my client, Elmer A., posted as to the case, and having received no pay for my services I had spoken to him several times about it, and that he must pay, in part at least, if he wished me to continue to act as his counsel, and he promised again and again that he would call and pay me, but never did. After Mr. Field [counsel for the plaintiff] notified me that he should place the case on the trial list for June sitting, I again notified Elmer A., I think more than once, that the case would be heard in June, and that he must pay me something if he expected me to appear and try the case for him, for I should not go to court at my own expense. He again said he would pay me, but never came near me. I notified him by word of mouth and by letter several times before the case came off, and as he made no response I felt under no obligations to appear at the trial, and did not. I relied principally upon Elmer A. for my pay, and not upon Amasa, as the latter had no attachable property, and did not claim to have any defence to the action."

The attorney did not withdraw his appearance from the case. It was agreed that, if Elmer A. Sylvester were present, he would deny that he received any notice from the attorney, as stated by the latter in his affidavit.

The petitioner alleged that he had a good defence to the action. The judge ordered that a review be granted, and the respondent alleged exceptions.

*B. W. Potter*, for the respondent.

*E. Bicknell*, for the petitioner.

KNOWLTON, J.   The power of the court to grant reviews in civil actions is expressed in very broad and comprehensive terms. When judgment is rendered, the Supreme Judicial Court or the Superior Court " may, on petition, grant a review on such terms as it deems reasonable." Pub. Sts. c. 187, §§ 22, 25. The question whether to grant a review, and if so on what terms, is addressed largely to the discretion of the judge.   This discretion should be exercised in such a way as to promote an orderly and proper administration of justice, and not to encourage carelessness, ignorance, and laxity of practice in the conduct of cases in courts.   *Thayer* v. *Goddard*, 19 Pick. 60. *Brewer* v. *Holmes*, 1 Met. 288.   A decision granting or denying a petition for a writ of review cannot be set aside by the full court on exceptions, unless it violates some rule of law. *Bowditch Ins. Co.* v. *Winslow*, 3 Gray, 415.   *Boston* v. *Robbins*, 116 Mass. 313.

In the present case, the only exception taken was to the refusal of the court to rule that the petition could not be maintained. The ground relied on at the argument before us was, that the evidence does not warrant a finding of any misunderstanding, accident, or mistake, and that the petitioner is obliged to rest his application on the negligence or misconduct of his attorney. It is argued, as matter of law, that it is not in the power of the court to grant a review where the judgment is rendered on a default imputable to the negligence or misconduct of the petitioner's attorney, and authorities are cited from other jurisdictions, under different statutes, some of which tend to support the respondent's contention.   *Moody* v. *Dick*, 4 Nev. & Man. 348.   *Breach* v. *Casterton*, 7 Bing. 224.   *Gwilt* v. *Crawley*, 8 Bing. 144.   *Barrow* v. *Jones*, 1 J. J. Marsh. 470.

It is true, as a general rule, that a review should not be granted when the petitioner's only cause of complaint grows out of the negligence or misconduct of his attorney, but he should be left to seek his remedy against him who is responsible for the wrong.   Any other rule would tend to fraud and to laxity of practice, greatly to the detriment and delay of honest suitors. On the other hand, we are not prepared to lay down an absolute rule of law that in no case can a review be granted where the error complained of was due to the negligence or misconduct of the petitioner's attorney.   A case might be supposed in which

such a rule would work great injustice. The statute gives the court power to prescribe such terms in granting the review as will reasonably protect the interests of the respondent. It was evidently the purpose of the Legislature to give the court much latitude in determining what justice requires in each particular case.

We cannot say that the court had not power to grant the review on the evidence now before us. We think the justice may have found that there was a misunderstanding between the petitioner and his attorney which was not wholly imputable to negligence on the part of either of them. The attorney might have forgotten the precise terms in which he demanded pay for his services, and might have thought that he had made it clear to the petitioner that he was not to be expected to attend further to the case, or to notify him, unless payment was made, when the petitioner supposed that he would at least notify him of the time of trial, and that there would then be an opportunity to make payment, and to defend the suit. We cannot revise either the findings of fact of the justice or his exercise of discretion, where no absolute rule of law is shown to have been violated.

*Exceptions overruled.*