TIMOTHY P. MELLET *vs.* CLYDE H. SWAN, administrator.

Worcester. September 24, 1929. — November 25, 1929.

Present: RUGG, C.J., CROSBY, PIERCE, SANDERSON, & FIELD, JJ.

*Practice, Civil,* Requests, rulings and instructions, Vacation of judgment, Statement of counsel, Exceptions. *Judgment.*

At the hearing of a petition in the Superior Court to vacate a judgment previously entered by default in that court against the petitioner in an action of tort by an administrator for causing the death of his intestate, the petitioner's counsel made a statement as to the circumstances of the accident in which the intestate was killed and offered to prove the statement by the testimony of the petitioner. The judge who heard the petition said he thought it unnecessary to introduce such testimony. The respondent at that time did not object nor save an exception to the remark by the judge, but later excepted to the inclusion of the statement by counsel in a bill of exceptions after the allowance of the petition. *Held,* that

(1) Although the remark by the judge concerning the statement by the petitioner's counsel was a ruling of law and was erroneous, the statement was entitled to its probative force as evidence in the absence of an objection or exception by the respondent to the ruling by the judge;

(2) The respondent's subsequent exception came too late and could not be sustained.

At the hearing above described the petitioner showed merely that the accident happened while he was operating an automobile upon a public way and that the respondent's intestate "slid down a driveway on

a sled and . . . [the intestate] and the . . . [petitioner's] automobile came together." *Held*, that

(1) The petitioner had not shown affirmatively that he had a good defence to the original action;

(2) The petition therefore was allowed erroneously.

PETITION, filed in the Superior Court on March 14, 1929, to vacate a judgment previously entered in that court against the petitioner in an action of tort brought by the respondent.

Proceedings at the hearing of the petition by *Whiting,* J., and the respondent's tenth request for a ruling are described in the opinion. The respondent's first, sixth and eighth requests for rulings were substantially to the effect that the petitioner had not shown sufficient cause for the allowance of the petition. The petition was allowed and the respondent alleged exceptions.

*W. M. Quade,* (*H. W. Blake* with him,) for the respondent.

*C. C. Milton,* (*S. B. Milton* with him,) for the petitioner.

CROSBY, J. This is a petition to vacate a judgment obtained after default. By writ dated August 7, 1928, issuing out of the Superior Court, the respondent, as administrator of the estate of Murray W. Hinckley, brought an action against this petitioner to recover damages for the death of his intestate, due to the alleged negligence of the defendant in that action. Service of the writ was made by leaving a summons at the last and usual place of abode of the defendant for his appearance at court as therein directed on the first Monday of September, 1928. As he did not appear, he was defaulted on September 25, 1928, and on November 27, 1928, damages were assessed by the court against the defendant in the sum of $5,000, and on January 7, 1929, judgment was entered for the plaintiff for $5,033.33 as damages, and $13.25 costs. On January 8, 1929, execution was issued on the judgment. It does not appear that any part of the judgment has been satisfied.

At the hearing on the petition to vacate the judgment, the petitioner's attorney made the following statement to the trial judge: "that the petitioner, Timothy P. Mellet was actually served with the process in the case of Clyde H.

Swan, Admr. *vs.* Timothy P. Mellet, and that the petitioner, Timothy P. Mellet, telephoned to the Superior Court House at Lincoln Square, Worcester, upon the return day of that writ but that the petitioner found the Court House closed by reason of a holiday and thereafter through ignorance did nothing further in reference to protecting his interests. It was further stated by the petitioner's counsel before the introduction of any evidence that the accident for which the suit Clyde H. Swan, Admr. *vs.* Timothy P. Mellet was brought happened while the defendant Mellet was driving an automobile upon a public highway and the plaintiff's intestate slid down a driveway on a sled and the plaintiff and the defendant's automobile came together." The petitioner also introduced in evidence at the hearing the testimony of several witnesses. The record recites that the petitioner was actually in the court room before the conclusion of the hearing and his counsel offered to prove the matters stated by him by placing the petitioner upon the stand. The judge said that he thought such action was unnecessary. None of the above statements of the petitioner's counsel was shown to the court by evidence; the statements were neither denied nor assented to by the respondent, who excepted only to their inclusion in the bill of exceptions. The remark of the judge that it was unnecessary to introduce any evidence in support of the statements made by the petitioner's counsel was, in substance and effect, a ruling of law and was erroneous, but, as the respondent did not save his rights by excepting to the ruling, the judge could properly consider the statements in reaching a decision. They were entitled to their probative force, as is incompetent evidence admitted without objection. *Rapson* v. *Leighton,* 187 Mass. 432, 435. *Matthews* v. *New York Central & Hudson River Railroad,* 231 Mass. 10, 18. *Gethins* v. *Breeyear,* 252 Mass. 326, 327.

Although it is recited in the bill of exceptions that the respondent "objects and excepts to the inclusion in this bill of exceptions of this whole paragraph," such exception cannot be sustained; the statements were admitted without objection, and were properly included in the bill of exceptions.

A petition to vacate a judgment is a separate and independent proceeding. *Maker* v. *Bouthier*, 242 Mass. 20, 24. *Wrinn* v. *Sellers*, 252 Mass. 423, 425. Like a trial on the merits, it affects the rights of the parties in important respects.

The automobile which struck and killed the intestate was owned at the time of the accident by one Wyman and had been loaned by him to Mellet. It is alleged in the petition that the petitioner did not turn over the summons which he received to an attorney nor consult one in regard to the same, but "being ignorant of court procedure and his rights in the matter" he telephoned to the court house in Worcester from his home upon the first Monday of September, which was a holiday, and learned that the court house was closed, "and never thereafter delivered his summons to any one or did anything further in relation thereto." The judge granted the respondent's motion to strike out portions of the petition, and it was then allowed provided the petitioner filed a surety bond running to the respondent as obligee in the amount of the *ad damnum* of the writ. The bond was executed as ordered.

A petition to vacate a judgment under the statute (G. L. c. 250, §§ 15, 16, 17) ordinarily rests within sound judicial discretion, to the exercise of which no exception lies. *Ryan* v. *Hickey*, 240 Mass. 46. *Boston Elevated Railway* v. *Leighr*, 241 Mass. 582. *Maker* v. *Bouthier*, *supra*. *Magee* v. *Flynn*, 245 Mass. 128.

The respondent presented to the trial judge certain requests for rulings which were denied. Request ten, which was granted, is as follows: "In order to secure the vacation of a judgment it is incumbent upon the petitioner to show that he had a good defence to the original action." The bill of exceptions recites that it includes all the evidence in the case except the docket entries in the original case of Swan *vs.* Mellet, which were considered to be in evidence. There is nothing in the record to show what defence, if any, the petitioner had in the original action. In the statement of the petitioner's counsel above referred to, it is recited that the accident for which the action was brought

"happened while the defendant Mellet was driving an automobile upon a public highway and the plaintiff's intestate slid down a driveway on a sled and the plaintiff and the defendant's automobile came together." The bill of exceptions fails to disclose any evidence which tended to show whether the accident was caused by negligence of the plaintiff's intestate, or by negligence on the part of the defendant. In these circumstances it does not affirmatively appear that the defendant in the original action had a good or meritorious defence. In the absence of any evidence to show that he had such a defence there was no ground on which the petition to vacate the judgment could be granted.

The respondent's first, sixth and eighth requests should have been given.

*Exceptions sustained.*