GEORGE J. ALPERT *vs.* MERCURY PUBLISHING COMPANY.

Bristol.     October 28, 1929. — June 30, 1930.

Present: RUGG, C.J., PIERCE, WAIT, SANDERSON, & FIELD, JJ.

*Practice, Civil,* Vacation of judgment.

A petition to vacate a judgment is addressed largely but not exclusively to the discretion of the presiding judge; his action should be exercised so as to promote an orderly and proper administration of justice, and not to encourage carelessness, ignorance, laxity or finesse of practice in the courts. Per RUGG, C.J.

Neither party to an action in the Superior Court claimed trial by jury. A subsequent motion by the plaintiff for trial by jury was denied. In order to circumvent such denial, he immediately filed a discontinuance of the action and, before judgment was entered therein, commenced another action against the same defendant in the same court and for the same cause. Judgment for the defendant later was entered in the first action. The defendant filed a plea in abatement in the second action on the ground that, when it was commenced, the first action still was pending. The plea in abatement was sustained and the plaintiff alleged exceptions. Pending disposition of the exceptions by this court, the plaintiff brought a petition under G. L. c. 250, §§ 14–20, to vacate the judgment in the first action. The statute of limitations by then had run against the cause of action. The petition was allowed; and the respondent alleged an exception. The plaintiff's exceptions in the second action subsequently were overruled. *Held,* that

(1) The plaintiff was not entitled to the aid of the court in securing relief from the results of his attempt to circumvent the denial of his motion for trial by jury;

(2) The circumstance, that the statute of limitations had run against the plaintiff's cause of action, was not an adequate ground for granting the petition;

(3) In the circumstances, the petition should have been denied, and the respondent's exception must be sustained.

PETITION, filed in the Superior Court on May 7, 1928, to vacate a judgment for the respondent in an action against it by the petitioner.

The petition was heard by *Gray,* J., it being agreed that the facts alleged in the petition and the answer thereto, with certain exceptions, should be taken to be true. Material facts are stated in the opinion. The petition was allowed. The respondent alleged an exception.

*E. L. Marchant,* for the respondent.

*H. W. Radovsky,* (*D. R. Radovsky* with him,) for the petitioner.

RUGG, C.J.  This is a petition to vacate a judgment entered in favor of the defendant on discontinuance by the plaintiff of his action of tort.  It is a proceeding separate from the original action and is brought under G. L. c. 250, §§ 14–20.  *Wrinn* v. *Sellers,* 252 Mass. 423, 425.  That action was brought early in 1927, was entered in court, issue was joined without claim of trial by jury, the case was marked by the plaintiff for trial on the civil list without jury, was in order for hearing on December 6, 1927, and the defendant was prepared for trial, when the plaintiff, the present petitioner, made a motion that the case be transferred to the list of cases for trial by jury.  That motion after hearing was denied.  The plaintiff thereupon immediately filed a discontinuance of that action and brought a second action for the same cause, claiming therein a trial by jury.  It is alleged in the present petition that the "discontinuance was filed in order to enable your petitioner to bring a new suit for the same cause of action, and to claim a jury trial."  The second action was dismissed on a plea in abatement by order entered on May 1, 1928, exceptions in which have been overruled in the case just decided, *ante,* 39.  Pending the argument and decision on those exceptions, the present petition was brought.  It is the third proceeding brought against the defendant by the plaintiff growing out of one cause of action.

Every right of the plaintiff was preserved to him when his first action came on for trial.  Whether, after that action was on the jury waived list for hearing and the defendant was ready for trial, the plaintiff justly was entitled to a jury trial, in the light of his contention that through mistake and inadvertence he had failed seasonably to exercise his right to claim such trial, was a matter to be determined on his motion to that end filed and heard on December 6, 1927.  The decision was against him on that motion.  Thereupon he deliberately, without accident, mistake, or inadvertence discontinued his action and pursued that

discontinuance and permitted it to ripen into final judgment on the first Monday of January, 1928. His purpose in that discontinuance and in suffering that judgment, as set forth on the present record, was to overcome the decision of the court in denying his motion for a jury trial by wiping out his first action and beginning a second action for the same cause, wherein he could claim as of right a trial by jury. It was an adroit contrivance designed to frustrate an adverse decision of a court rendered after full hearing. Such a method of outwitting the decision of a judge, if kept within the strict bounds of the law, cannot be prevented but it is entitled to no aid from the courts either in its accomplishment or in relief against its consequences.

A petition to vacate a judgment is addressed largely but not exclusively to the discretion of the presiding judge. His action should be exercised so as to promote and not to baffle an orderly and proper administration of justice, and not to encourage carelessness, ignorance, laxity or finesse of practice in the courts. Such petitions should be allowed sparingly and only to promote the ends of justice, and not to relieve against slovenly preparation or other conduct not dictated by fidelity to the courts. The circumstance that, by the operation of the devices already narrated and the delays incident thereto, the statute of limitations has run against the plaintiff's cause of action, is not adequate ground for granting the relief now sought. That result has come about as the direct consequence of his own tactics to obtain a hypothetical advantage of position in contravention of a decision by a judge. There has been no inadvertence, but simply a failure of strategy. All these circumstances require the denial of the present petition. *Sylvester* v. *Hubley,* 157 Mass. 306. *Porter* v. *Travelers Ins. Co.* 236 Mass. 524. *Rollins* v. *Bay View Auto Parts Co.* 239 Mass. 414. *Ryan* v. *Hickey,* 240 Mass. 46. *Maker* v. *Bouthier,* 242 Mass. 20. *Mackay* v. *Brock,* 245 Mass. 131, 134. *Silverstein* v. *Daniel Russell Boiler Works, Inc.* 268 Mass. 424. *Mellet* v. *Swan,* 269 Mass. 173.

*Exceptions sustained.*