## ETHEL POWDRELL vs. EVANGELINE DuBOIS.

Barnstable. December 4, 1930, January 5, 1931. — January 6, 1931.

Present: RUGG, C.J., PIERCE, CARROLL, WAIT, & FIELD, JJ.

*Judgment,* Petition to vacate. *Practice, Civil,* Appeal, Record, Petition to vacate judgment.

A petition in the Superior Court to vacate a judgment was heard and denied. No exception was saved by the petitioner, who appealed. At the petitioner's request, the judge who heard the petition filed a "statement of facts," which was included in the printed record before this court. *Held,* that

(1) The "statement of facts" was not a part of the record;

(2) The appeal was not properly before this court.

In an action of tort for personal injuries, a verdict for the plaintiff was recorded subject to leave reserved under G. L. c. 231, § 120. The defendant filed a motion for a new trial, and a motion for the entry of judgment in his favor. The trial judge, being of opinion that the verdict was against the weight of the evidence and also that, on the evidence, a verdict ought to be entered for the defendant, denied the first motion and allowed the second motion, thinking that such a course would terminate the litigation without the necessity of a new trial. This court, however, upon an exception by the plaintiff to the allowance of the second motion, ordered the entry of judgment for the plaintiff on the verdict returned by the jury. Thereafter the defendant filed a petition in the Superior Court to vacate that judgment. The petition was heard by the same judge and was denied. It *was stated* that no error of law nor abuse of discretion appeared in such denial.

PETITION, filed in the Superior Court on June 20, 1930, and subsequently amended, to vacate a judgment entered in the respondent's favor in an action of tort for personal injuries by the respondent against the petitioner.

The petition was heard by *Keating*, J., and was denied. The petitioner appealed. The "statement of facts" filed by the judge at the petitioner's request was as follows:

"More than four years ago the action of DuBois *v.* Ethel Powdrell was tried. The jury returned a verdict for the plaintiff. Before the verdict was recorded, I reserved leave with the consent of the jury to have a verdict entered for the defendant. After the verdict was recorded the petitioner (who was the defendant in the original action) filed two motions, — (1) that the verdict be set aside and a new trial granted on the ground that the verdict was against the evidence and the weight of the evidence, and (2) that a verdict be entered for the defendant in accordance with the leave reserved. I denied the motion for a new trial.

"As I considered the evidence at the time I was of opinion that the verdict was against the weight of the evidence. I was also of opinion that upon the questions raised and the evidence introduced at the trial a verdict ought to be entered for the defendant in accordance with the leave reserved, and that by allowing the defendant's motion and ordering such a verdict to be entered the litigation between

the parties would be terminated without another trial before the jury. So I allowed her motion and ordered that a verdict be entered for the defendant. Recently the Supreme Judicial Court decided that judgment be entered for the respondent (the plaintiff in the original action) on the verdict returned by the jury. In June, 1930, the petitioner filed a petition that the judgment be vacated and that my order overruling her motion for a new trial be set aside. On July 14, 1930, there was a hearing on the petition at which each party was represented by counsel. No oral testimony was introduced. The record of the case in the Supreme Judicial Court and the Superior Court was considered as a part of the facts. Immediately after both counsel had argued I announced my decision in the presence of counsel and within their hearing, that is, I stated that both as a matter of law and in the exercise of my discretion I denied the petition to vacate the judgment and to set aside my order overruling the petitioner's motion for a new trial. No exception was taken at the hearing."

*G. L. Weekes,* for the petitioner.

*G. R. Farnum, (J. J. O'Neill* with him,) for the respondent.

RUGG, C.J. The record in this case consists of a petition to vacate a judgment entered pursuant to a rescript from this court, 271 Mass. 394; a denial of the same made on July 14, 1930; and a motion to amend the petition, also denied after hearing on the same day. On July 18, 1930, the petitioner filed a motion that a statement of the facts on which the denial of the petition was based be made by the trial judge. On July 30, 1930, the petitioner claimed an appeal from the order of the trial judge "decisive of this case founded upon matter of law apparent on the record." On August 19, 1930, a statement of facts was filed by the trial judge.

This is an action at law. It is correctly brought as a separate proceeding. *Maker* v. *Bouthier,* 242 Mass. 20, 22. The judge's findings of fact, not being incorporated in a report or in a bill of exceptions, are no part of the record. *Cressey* v. *Cressey,* 213 Mass. 191. *Everett-Morgan Co.* v.

*Boyajian Pharmacy,* 244 Mass. 460, 461.   No change in
this respect was wrought by St. 1929, c. 265, § 1, amend-
ing G. L. c. 231, § 135.   The present case does not fall
within any one of the classes of cases wherein appeal is
now available for bringing to this court for review errors
alleged to have been committed by the Superior Court in
actions at law.   G. L. c. 231, § 96, as amended by St. 1928,
c. 306, § 2.   *Samuel* v. *Page-Storms Drop Forge Co.* 243
Mass. 133, 134.   *Clark* v. *Barringer,* 273 Mass. 107.   The
appeal is not rightly before us.

   If, however, the statement of facts filed by the judge
be considered as a part of the record and as properly be-
fore us, no error is disclosed.   The concluding part of
that statement is that the petition was denied both as
matter of law and in the exercise of discretion, and that
no exception was taken.   The granting of a petition to
vacate judgment generally rests in sound judicial dis-
cretion.   *Lee* v. *Fowler,* 263 Mass. 440, 443.   There is no
ground for inferring abuse of that discretion.   The argu-
ment of the plaintiff is that the statement of facts dis-
closes error in that the trial judge, who also presided at
the original trial of the case, thought that the verdict
first returned by the jury was against the weight of the
evidence, but declined to grant the motion of the present
petitioner (who was defendant in the original action) to
set it aside and granted her motion to enter a verdict
for her under leave reserved, thinking that thereby a
second trial by jury would be avoided.   *Goetze* v. *Domi-
nick,* 246 Mass. 310.   But the statement of facts shows
that all these matters were considered by the trial judge
in reaching his conclusion to deny the present petition.
In all this there was no error of law.   *Alpert* v. *Mercury
Publishing Co.* 272 Mass. 43.   *Beserosky* v. *Mason,* 269
Mass. 325.

                                   *Appeal dismissed.*