A. S. MANZI *vs.* GERTRUDE CARLSON.

Worcester.　September 21, 1931. — February 29, 1932.

Present: RUGG, C.J., CROSBY, WAIT, SANDERSON, & FIELD, JJ.

*Judgment*, Vacation. *Practice, Civil*, Vacation of judgment.

The defendant in an action of tort for damages, resulting from a collision of a motor vehicle in which the plaintiff was riding with one operated by the defendant, brought a petition for vacation of a judgment entered against him after a default, at the hearing of which it appeared that he had a meritorious defence to the action, and there was evidence, received without objection, that he had no notice of the action previous to the default. The officer who served the writ testified to the contrary. The writ and return were not in the record before this court. There was further evidence that the first knowledge the petitioner had of the action was a postal card notice of default from the clerk of the court; that he then called the clerk on the telephone and was advised to call the plaintiff's attorney, which he did, telling him that he had "sued the wrong party," naming a company to which the automobile belonged; that the attorney replied "why didn't I tell him before," that "he would take it up, and would sue" that company; that the plaintiff's attorney as the representative of an insurance company had settled by payment of money a claim presented by the wife of the defendant for injuries sustained when she was riding with the defendant in his automobile at the time of the collision of automobiles on which the plaintiff's case rested. The plaintiff, as respondent in the petition, requested rulings in substance that, if the petitioner failed to show that he used reasonable diligence in defending the original action against him, then the petition could not be maintained. The requests were refused. The judge found and ruled that, in view of a finding made by him "that the injury to the original plaintiff was not caused by any negligent act of the defendant in the original action," he did "not rule that the negligence of the original defendant in not appearing and defending the original action or in not giving the summons to his attorney is conclusive against him in this proceeding"; and granted the petition. The respondent alleged exceptions. *Held*, that

(1) The general finding for the petitioner imported the finding of all subsidiary facts conducive to that result of which the evidence was susceptible and which were not inconsistent with the facts actually found or with the rulings of law;

(2) The respondent's requests for rulings did not accurately state the pertinent rule of law with respect to conduct of a petitioner for vacation of a judgment, since they rested on the proposition that what-

ever is or ought to be the conduct of a reasonable man in stated circumstances set the standard by which the petitioner must be judged and by which sound judicial discretion of the judge must be bounded; and there was no error in denying them;

(3) The record disclosed no abuse of discretion in the granting of the petition.

(4) The exceptions were overruled.

PETITION, filed in the Superior Court on February 24, 1930, and afterwards amended, for vacation of a judgment entered against the petitioner in the Superior Court on November 14, 1929, in the sum of $1,011.50.

The petition was heard by *Whiting*, J. Material facts found and rulings made by him are stated in the opinion. The petition was granted. The respondent alleged exceptions.

*C. W. Proctor*, for the respondent.

No argument nor brief for the petitioner.

RUGG, C.J. This is a petition to vacate a judgment entered in the Superior Court and to remove default in an action wherein the present respondent was plaintiff and the present petitioner was defendant.

The original action was in tort to recover compensation for personal injuries alleged to have been sustained by the plaintiff therein while traveling in an automobile upon a public way because of the negligence of the defendant therein while he was operating another automobile. The trial judge in the case at bar found as "a fact that the injury to Gertrude Carlson which was the basis of the recovery in the original action was not caused by any negligent act of A. S. Manzi, the petitioner herein." There was ample evidence to support that finding. The contrary has not been argued. The effect of that finding is to show that the petitioner had a meritorious defence to the action in which the judgment here sought to be vacated was entered. Thus one essential element of proof in order to enable the petitioner to prevail is established. *Mellet* v. *Swan*, 269 Mass. 173.

The petitioner must also show that his own conduct with reference to the action has not been so reprehensible from

a legal point of view as to bar relief. *Alpert* v. *Mercury Publishing Co.* 272 Mass. 43. As bearing upon this aspect of the case, the respondent presented requests for rulings. Only those argued need be considered. One request was to the effect that, if the petitioner failed to show that he used reasonable diligence in defending the original action against him, then the petition cannot be maintained. Another request was in substance that, if the original action was not defended because of the failure of the petitioner as defendant in that action to deliver to his attorneys the summons served on him, then the petitioner has failed to show that he exercised reasonable diligence in defending the original action and cannot prevail in this petition. Those requests, although separately numbered, in substance are the same, one being a subsidiary of the other. They were denied on the ground, as stated by the trial judge, that "they relate to rulings of law and are in my opinion contrary to the opinion of Knowlton, J., in *Sylvester* v. *Hubley,* 157 Mass. 306, at page 308. I am governed by them to the extent indicated in the opinion above stated. In the case at bar, in view of my findings of fact that the injury to the original plaintiff was not caused by any negligent act of the defendant in the original action, I do not rule that the negligence of the original defendant in not appearing and defending the original action or in not giving the summons to his attorney is conclusive against him in this proceeding."

*Sylvester* v. *Hubley* was a petition for review and not for vacation of judgment. The two proceedings differ somewhat in nature and in procedure. The principles which govern the exercise of judicial discretion in determining whether to grant relief, so far as here involved, and the extent of review by this court, are the same in both. *Skillings* v. *Massachusetts Benefit Association,* 151 Mass. 321. *Soper* v. *Manning,* 158 Mass. 381, 384. *Boston* v. *Robbins,* 116 Mass. 313. *Keene* v. *White,* 136 Mass. 23. *Hunt* v. *Simester,* 223 Mass. 489, 492. *Marsch* v. *Southern New England Railroad,* 235 Mass. 304, 305. Therefore, the trial judge rightly regarded himself as bound by the prin-

ciples of *Sylvester* v. *Hubley* so far as pertinent to the facts of the case at bar.

The relevant part of the decision relied upon by the trial judge is in 157 Mass. at pages 308–309, in these words: "It is true, as a general rule, that a review should not be granted when the petitioner's only cause of complaint grows out of the negligence or misconduct of his attorney, but he should be left to seek his remedy against him who is responsible for the wrong. Any other rule would tend to fraud and to laxity of practice, greatly to the detriment and delay of honest suitors. On the other hand, we are not prepared to lay down an absolute rule of law that in no case can a review be granted where the error complained of was due to the negligence or misconduct of the petitioner's attorney. A case might be supposed in which such a rule would work great injustice. The statute gives the court power to prescribe such terms in granting the review as will reasonably protect the interests of the respondent. It was evidently the purpose of the Legislature to give the court much latitude in determining what justice requires in each particular case." That statement means that negligence or misconduct of an attorney is not necessarily a bar to a petition to vacate judgment. The petitioner here apparently had no attorney to represent him in the original action against him. The question presented in the case at bar is whether the conduct of the party defendant such as is disclosed on this record as matter of law bars such a petition.

The petitioner testified that he had no notice of the original action against him. That evidence was received without objection and, although contradicted by the officer who made the service, the judge may have believed the petitioner. The original writ and return do not appear in the record, although the petition alleged that the return of the officer showed personal service. The petitioner further testified that the first knowledge he had of the action was when he received from the clerk of the court a postal card to the effect that he had been defaulted (see G. L. c. 231, § 58, as amended by St. 1931, c. 81); that thereupon he

called the clerk on the telephone and was told the name of the attorney in charge of the case and advised to call him; that he then talked over the telephone with the attorney for the plaintiff and told him he had "sued the wrong party," "that the car belonged to the Worcester Red Top Luxor Cab Company and he [the attorney for the plaintiff] told me over the telephone why didn't I tell him before," that "he would take it up, and would sue the Luxor Cab Company," and the petitioner "took for granted he would reopen the case and sue the Luxor company." That appears to be all the material testimony on this point from the petitioner or by which he was bound. That testimony was admitted without objection and was entitled to its probative force. For aught that appears, the judge may have believed this and given no credence to the other testimony. An intimation, possibly having a contrary aspect although somewhat equivocal, by the judge during the trial was made before the close of the evidence of the petitioner. It is not to be treated as a finding of fact or a ruling of law on which the decision rested. In any event, the petitioner is entitled to have this court decide the case on the aspect of the evidence most favorable to him, especially in view of the decision in his favor. This amounts to no more knowledge on the part of the petitioner than was conveyed by a postal card from the clerk of the court advising him that he had been defaulted and the subsequent explanation by the attorney for the plaintiff in that case, to whom he had been referred by the clerk of the court on the telephone, from which he might have drawn the inference that some one else would be substituted for him as defendant.

It appears from testimony of the attorney for the original plaintiff that as the representative of an insurance company he had settled by payment of money a claim presented by the wife of the original defendant, riding with him in his automobile at the time of the collision of automobiles on which the original plaintiff's case rested. Whatever may have been the respective legal rights of the several parties, it may well have seemed to the present petitioner that there was some mistake in bringing an action against him for

negligence in connection with a collision when his wife, his companion in his automobile at the same collision, had already received compensation based on negligent conduct by the driver of the other automobile concerned in the collision, in which the original plaintiff was riding. The attorney for the original plaintiff gave testimony (quite different from that of the petitioner) to the effect that he talked with the petitioner over the telephone, shortly after the service on the writ, and he asked the witness why the witness had brought suit against him after the witness had already paid Mrs. Manzi for personal injuries which she contended arose out of the accident, and the witness replied that the fact that he had paid Mrs. Manzi for her alleged personal injuries was no bar to Miss Carlson at that time on her injuries, and for the petitioner to take the writ up to his insurance company. He said "no, I don't see why you should bring suit in that case, because she did not expect to be hurt; if I wasn't right in the case you would not pay me." The witness said he did not care to discuss that with the petitioner. All the testimony might have led the trial judge to the conclusion that the petitioner was justified in thinking that an attorney for an insurance company, having paid damages to his wife for injuries arising out of the negligent conduct of the driver of the car in which the original plaintiff was riding, could hardly intentionally sue him for negligence causing injury to that plaintiff. Whatever may be the law governing the rights of parties in those circumstances, a layman might naturally think that he could not be liable for negligence to the original plaintiff when his wife had collected damages for the negligent operation of the automobile in which that plaintiff was riding.

If it be assumed that the judge's statement, namely, "I do not rule that the negligence of the original defendant in not appearing and defending . . . or in not giving the summons to his attorney . . .," means that he found that the summons came to the hand of the defendant, that does not alter the conclusion to be reached.

The precise facts found by the trial judge on this aspect of the case are not set out in the record. He does not ex-

pressly find what was the knowledge of the present petitioner, or his state of mind, or his actual conduct respecting attention or inattention to the original action against him. The general finding for the petitioner imports the finding of all subsidiary facts conducing to that result of which the evidence is susceptible not inconsistent with the facts actually found, or with the rulings of law. *Brooks* v. *Prescott,* 114 Mass. 392. *Adams* v. *Dick,* 226 Mass. 46, 52. *Gottman* v. *Jeffrey-Nichols Co.* 268 Mass. 10, 12.

It has been said many times that disposition of a petition for vacation of judgment is addressed largely to the sound discretion of the trial judge. That is the general principle. *Yetten* v. *Conroy,* 165 Mass. 238. *Lee* v. *Fowler,* 263 Mass. 440, 443, and cases cited. *Beserosky* v. *Mason,* 269 Mass. 325, 328, and cases cited. *Powdrell* v. *DuBois,* 274 Mass. 106. *Waltham Bleachery & Dye Works* v. *Clark-Rice Corp.* 274 Mass. 488, 490. Questions of law may be raised at a hearing on such petition and there may be abuses of discretion which this court will correct. *Silverstein* v. *Daniel Russell Boiler Works, Inc.* 268 Mass. 424. *Mellet* v. *Swan,* 269 Mass. 173. *Alpert* v. *Mercury Publishing Co.* 272 Mass. 43, 45. In the light of this general principle, it cannot be said that there was error of law in the denial of the requests already summarized. Those requests rest on the proposition that whatever is or ought to be the conduct of the reasonable man in stated circumstances sets the standard by which all must be judged and by which sound judicial discretion must be bounded. Apart from the difficulty of formulating a precise definition of reasonable care and diligence as applied to facts like these (see *Gaynor* v. *Old Colony & Newport Railway,* 100 Mass. 208, 214; *Keith* v. *Worcester & Blackstone Valley Street Railway,* 196 Mass. 478, 482, 483; *Altman* v. *Aronson,* 231 Mass. 588, 591, 592), we do not think the requests state accurately the pertinent rule of law. One may be stupid, or ignorant, or otherwise under disability so as not to be capable of exercising reasonable care and diligence with respect to an action brought against him in court, and yet be found by the court, even after judgment has been entered against him, to have such a meritorious defence as to be the

victim of injustice if the judgment is allowed to stand. In such circumstances, the law does not prevent remedial action. Of course, the action of the trial judge in granting a petition like the present ought to be exercised sparingly and only to promote orderly administration of justice, and not to encourage carelessness or laxity in connection with proceedings in court. There was no error in the denial of the requests.

One further point to be decided is whether there has been abuse of discretion. That is raised by the request for a ruling that the petition could not be maintained. That subject is discussed at large with citation of authorities in *Russell* v. *Foley, ante,* 145. The discussion need not be repeated. The question is not whether we should decide the case on the printed record in the same way. Although the case at bar is close to the line, it cannot in our opinion quite be said that the granting of the petition constituted abuse of discretion.

*Exceptions overruled.*