PHILIP KRAVETZ *vs.* CELIA LIPOFSKY.

Suffolk. October 9, 1935. — March 30, 1936.

Present: RUGG, C.J., PIERCE, FIELD, LUMMUS, & QUA, JJ.

*Practice, Civil,* Vacation of judgment, Requests, rulings and instructions, Exceptions. *Words,* "Justified."

Statement by RUGG, C.J., of the principles of law governing the determination of a petition for vacation of judgment.

Requests for rulings of law not acted upon by a trial judge were in effect denied.

A petitioner for the vacation of a judgment raised no question of law by a request that the petition should be granted.

A request for a ruling of law, at the hearing of a petition for vacation of a judgment, that the petition should be granted because of the petitioner's having been deprived, through negligence of his attorney, of an opportunity to make a defence to the original action, properly was denied as not stating the law correctly and also as omitting reference to the sound judicial discretion to be exercised by the judge.

An exception to the denial of a request for a ruling, at the hearing of a petition for vacation of a judgment, that "The court is justified in vacating a judgment obtained by default through the negligence or mistake of the petitioner's former attorney," was overruled as the request was not for a ruling of law but involved a finding of fact.

No exception lies to a failure to deny requests by the opposing party for rulings: the excepting party is not aggrieved thereby.

PETITION, filed in the Superior Court on February 4, 1935, to vacate a judgment.

The petition was denied by *Macleod*, J. The petitioner alleged exceptions.

The case was submitted on briefs.

*E. P. Shaw*, for the petitioner.

*D. Korisky & F. L. Hurwitz*, for the respondent.

RUGG, C.J. This is a petition to vacate the judgment entered in the Superior Court in an action of tort wherein the present respondent was plaintiff and the present petitioner was defendant. That cause of action arose from personal injuries alleged to have been received by the plaintiff while lawfully upon the defendant's premises by reason of their unsafe condition. The petition was denied. The case comes before us on a bill of exceptions which contains all the material evidence. The petitioner filed requests for rulings upon which the trial judge took no action. No finding of facts was filed by the trial judge.

The original papers and docket entries in the earlier case show these facts: No trial of the original action was had on its merits. That action was entered in June, 1932; the defendant appeared, answered, and claimed trial by jury through his attorney, a member of the bar; on September 25, 1934, the defendant was defaulted and two days later a motion to remove the default was filed; on December 15, 1934, the plaintiff filed a motion to dismiss the motion to remove the default and marked both it and the motion of the defendant for hearing on December 24, 1934, due notice of which was sent to the attorney for the defendant; on the latter date the motion of the defendant was denied and that of the plaintiff granted. In January, 1935, damages after default were assessed and the action went to judgment. That judgment has not been satisfied in whole or in part.

The respondent's counsel agreed that in the original action there was a disputed issue of fact, or of fact and law, or of law, which would have been proper for determination in the orderly processes of trial. The trial judge ruled that that phase of the petition was established. *Lovell* v. *Lovell*,

276 Mass. 10. *Dondis* v. *Lash*, 277 Mass. 477, 482. *Russell*
v. *Foley*, 278 Mass. 145, 148. *Maki* v. *New York, New
Haven & Hartford Railroad*, 292 Mass. 223.

The substance of other evidence was as follows: The
original defendant, being the present petitioner, testified
that he coöperated with his attorney in preparation of his
defence to that action and that he had never gone to court
on it and had not known of the judgment against him
until "about two weeks before, which was about January
28, 1935." The wife of the petitioner testified that the plain-
tiff in that action on the date of her alleged injury had
come with several other women to visit her.  There was
evidence by the attorney for the defendant in the original
action to this effect: In September, 1934, when the case
had been 'pending on the trial list for several years, he
received "the usual notice from the" clerk of courts; on
the day of the default he was at a hearing at the State
House and did not know that the case was to be called
that day; after filing a motion on September 27, 1934, to
remove the default, supported by affidavit, he did not
mark it for hearing or do anything about it, and he heard
nothing concerning the case until he received notice on
December 26, 1934, that that motion had been denied; he
took no action when he learned of this fact; in November
and December, 1934, he had been sick and able to work
about ten days in those months; he received on Saturday,
January 5, 1935, a trial list showing that the case was on
the list for assessment of damages on January 7, 1935; he
dictated a letter to the clerk of courts stating that he was
ill and asking for a continuance; this original letter, post-
marked at 11 A.M. on January 7, 1935, and with notation
that it had been received at 3:35 P.M. on the same day,
was in evidence; damages had been assessed at 10:35 A.M.
on that day; he had received all usual notices but had not
received notice of the marking of the motions by the plain-
tiff or copy of the plaintiff's motion; he knew that there
was a rule or order that all cases of default at the general
calling of the list should be heard on or about October 17,
1934; he did not know when the case went to judgment, was

sick from January 7 to January 24, 1935, and neither knew nor did anything about the case. The trial judge took judicial notice that the official calling of the docket was ordered on September 4, 1934, to be commenced on or about September 17, 1934, and that on or about October 5, 1934, an order was made "as to non-suited and defaulted cases to be heard in the week beginning" October 17, 1934. The foregoing is the substance of all the facts and evidence before the trial judge.

A petition to vacate a judgment is addressed largely though not exclusively to the discretion of the trial judge. That discretion should be exercised so as to promote an orderly administration of law and not to encourage carelessness, ignorance, or laxity in practice. Such petitions should be allowed sparingly and only in aid of justice, and not to relieve against slovenly conduct not dictated by fidelity to the courts and intelligent loyalty to clients. Commonly they ought not to be granted when the petitioner's cause of complaint grows out of the negligence or misconduct of his attorney, but such an aggrieved person should be left to seek his remedy against the one responsible for the wrong; this is the general although not the inflexible rule. The refusal to grant such a petition ordinarily presents no question of law. *Rollins* v. *Bay View Auto Parts Co.* 239 Mass. 414, 423–424. *Ryan* v. *Hickey*, 240 Mass. 46. *Silverstein* v. *Daniel Russell Boiler Works, Inc.* 268 Mass. 424, 426. *Beserosky* v. *Mason*, 269 Mass. 325. *Alpert* v. *Mercury Publishing Co.* 272 Mass. 43, 45. *Manzi* v. *Carlson*, 278 Mass. 267, 273. *Sweeney* v. *Morey Co. Inc.* 279 Mass. 495, 498. *Robinson* v. *Lyndonville Creamery Association*, 284 Mass. 396, 399. *Hopkinton* v. *B. F. Sturtevant Co.* 285 Mass. 272. *Oliver* v. *Brazil*, 288 Mass. 252. *Hunt* v. *Simester*, 223 Mass. 489, 492. The exercise of sound judicial discretion imports the invocation by a clear and trained mind of reason, courage, impartiality and conscience to accomplish in a calm spirit a result in conformity to law and just and equitable to all parties. *Davis* v. *Boston Elevated Railway*, 235 Mass. 482, 496–497. *Universal Adjustment Corp.* v. *Midland Bank,*

*Ltd. of London,* 281 Mass. 303, 316. *Commonwealth* v. *McKnight,* 289 Mass. 530, 539.

The refusal of the trial judge to take action upon the requests of the petitioner for rulings of law was in the circumstances a denial of them. The case must be considered on that footing. *John Hetherington & Sons, Ltd.* v. *William Firth Co.* 210 Mass. 8, 17. *Jasuikiewicz* v. *Wright,* 288 Mass. 63, 65. *Sullivan* v. *Roche,* 257 Mass. 166, 169.

It is plain that there was no error in the denial of the first request, that the petition should be granted. The burden rested upon the petitioner to make out his case upon all the evidence. The granting of the petition rested in sound judicial discretion. The exercise of discretion commonly is not subject to review. No law required the granting of the petition. *Topjian* v. *Boston Casing Co. Inc.* 288 Mass. 167. *Blackwell* v. *Mayor of Boston,* 261 Mass. 58. *Electro-Formation, Inc.* v. *Ergon Research Laboratories, Inc.* 284 Mass. 392.

The second request for ruling was to the effect that, if it was found that the defendant in the original action had been deprived of the opportunity of making a defence which would raise a material question of law or fact, through the negligence or mistake of his attorney, the petition should be granted. That is not a correct statement of law. The general rule, as already stated, is not to grant a petition in those circumstances, although in unusual conditions it may be granted. *Manzi* v. *Carlson,* 278 Mass. 267, 273. *Alpert* v. *Mercury Publishing Co.* 272 Mass. 43. Moreover, this request contains no reference to sound judicial discretion, the exercise of which is an essential element in granting a petition like the present. *Powdrell* v. *DuBois,* 274 Mass. 106, 109. *Russell* v. *Foley,* 278 Mass. 145.

The third request was that "The court is justified in vacating a judgment obtained by default through the negligence or mistake of the petitioner's former attorney." That was not à request for a ruling of law that negligence or misconduct of the petitioner's attorney did not as matter of law bar the granting of a petition to vacate a judgment resulting therefrom. A ruling of that nature would have been sound and pertinent to the evidence; but no such

request was made. *Sylvester* v. *Hubley,* 157 Mass. 306. *Manzi* v. *Carlson,* 278 Mass. 267, 270. That was not a request for a ruling of law; it involved also a finding of fact. The word "justified" in that connection means a decision reached "upon adequate reasons sufficiently supported by credible evidence, when weighed by an unprejudiced mind, guided by common sense and by correct rules of law." *Selectmen of Wakefield* v. *Judge of the First District Court of Eastern Middlesex,* 262 Mass. 477, 482. *Ott* v. *Board of Registration in Medicine,* 276 Mass. 566, 569. That request implied a finding of fact and an exercise of sound discretion in all the circumstances that justice and equity, having regard to the rights and interests of all parties under the law and established practice, required reëxamination of the case by a new trial. *Hopkinton* v. *B. F. Sturtevant Co.* 285 Mass. 272, 277. *Scituate Water Co.* v. *Simmons,* 167 Mass. 313. Whether the judgment ought to be vacated demanded the application of conscience, insight and learning in the law to all the facts, with a desire to reach a just and equitable result. A finding that the plight of the petitioner was due to the negligence of his attorney was only one factor, and not a decisive one, in reaching a decision. The disposition to be made of the petition still rested in the sound judicial discretion of the trial judge. It cannot be said on this record that there was abuse of that discretion.

The petitioner's exception to "the failure . . . to deny the respondent's requests for rulings" has no standing. He was not a party aggrieved thereby. G. L. (Ter. Ed.) c. 231, § 113.

The point has not been argued that the petitioner may be barred, also, because before the judgment was entered the default was discovered and motion to remove that default was seasonably filed and denied. That question has not been considered. On the case as presented, the petitioner fails to show error.

*Exceptions overruled.*