ELIZABETH LYNCH *vs.* SPRINGFIELD SAFE DEPOSIT AND TRUST COMPANY, administrator.

FLORENCE LYNCH *vs.* SAME.

Hampden.    October 4, 1937. — March 9, 1938.

Present: RUGG, C.J., FIELD, DONAHUE, LUMMUS, & QUA, JJ.

*Executor and Administrator*, Limitation of actions. *Practice, Civil*, Vacation of judgment. *Limitations, Statute of. Words,* "Action."

A petition under G. L. (Ter. Ed.) c. 250, § 15, to vacate a judgment in favor of an administrator is a proceeding separate and independent from the original action and, under G. L. (Ter. Ed.) c. 197, § 9, as amended by St. 1933, c. 221, § 4, is barred if not commenced within the time therein limited.

The provisions of § 12 of G. L. (Ter. Ed.) c. 197 did not prevent a petition, based on newly discovered evidence, to vacate a judgment in favor of an administrator entered after a trial on the merits, from being barred if it was not commenced within the time limited by said § 9, as amended by St. 1933, c. 221, § 4.

Two PETITIONS, filed in the Superior Court on February 6, 1933, for vacation of judgments for the defendant administrator, entered on April 13, 1936, in accordance with rescripts from this court in actions begun against the administrator on January 11, 1933.

The petitions were heard together and were allowed by *Burns*, J. The respondent alleged exceptions.

The cases were submitted on briefs.

*I. R. Shaw & D. V. Constantine,* for the respondent.

*C. F. Ely,* for the petitioners.

RUGG, C.J. This is a bill of exceptions respecting the allowance of two petitions to vacate judgments entered, in favor of the defendant, pursuant to rescripts from this court in *Lynch* v. *Springfield Safe Deposit & Trust Co.* 294 Mass. 170, 173. Those were actions of tort to recover compensation for personal injuries alleged to have been sustained by the plaintiffs through the gross negligence of one Gimbel, the defendant's intestate, in driving his automobile. Gimbel was killed in the same accident. Each petition alleged that the accident occurred on May 13, 1932. The verdict in each case in the original trial was for the plaintiff in a substantial sum. Those verdicts were set aside and judgments in favor of the defendant were ordered by this court in the decision just cited, on March 31, 1936. Subsequently, in July, 1936, these petitions to vacate those judgments on the ground of newly discovered evidence were filed by the plaintiffs in those actions. The newly discovered evidence tended to show that the conduct of Gimbel was grossly negligent and was caused, in part at least, by the excessive use of intoxicating liquor by him just prior to the accident, and that such evidence was not available at the time of the original trial. The newly discovered evidence was found by the trial judge to be material. These petitions were heard at large upon the merits in the Superior Court. There was further evidence that the estate of Gimbel was represented insolvent on April 14, 1935, and that distribution of his estate was made before the petitions at bar were filed. Decree allowing distribution was dated May 15, 1936.

In general, pleadings are not necessary in proceedings like the present. *Wrinn* v. *Sellers*, 252 Mass. 423, 425. *Thomajanian* v. *Odabshian*, 272 Mass. 19, 23. *Hastings* v. *Parker*, 168 Mass. 445. It follows that it was not necessary to plead the statute of limitations. Therefore, it is of no consequence that the respondent filed no answers. The petitions were tried on the theory that all issues were open. The petitions to vacate judgment were allowed, subject to the exceptions of the respondent.

Requests for rulings by the respondent raised the point

that under the law it is too late to bring these petitions. Petitions like the present are addressed largely, though not exclusively, to the sound judicial discretion of the trial judge. Questions of law may be raised at the hearing. *Kravetz* v. *Lipofsky*, 294 Mass. 80, 83, 84. *Manzi* v. *Carlson*, 278 Mass. 267, 273. *Sweeney* v. *Morey & Co. Inc.* 279 Mass. 495, 498.

A petition to vacate a judgment under G. L. (Ter. Ed.) c. 250, §§ 14–20, is an action which is barred by G. L. (Ter. Ed.) c. 197, § 9, as amended by St. 1933, c. 221, § 4. It is there provided that, "Except as provided in this chapter, an executor or administrator shall not be held to answer to an action by a creditor of the deceased which is not commenced within one year from the time of his giving bond . . . ." The word "action" is used in this statute in a comprehensive sense as signifying the pursuit of a right in a court of justice without regard to the form of legal proceedings. *Commissioner of Insurance* v. *Bristol Mutual Liability Ins. Co.* 279 Mass. 325, 329, 330. *Matter of Keenan*, 287 Mass. 577, 581. *Ginzberg* v. *Wyman*, 272 Mass. 499, 501. A petition to vacate a judgment is of such a nature that it would become barred by said § 9 as amended. Such a petition, although closely connected with the original cause, is a separate and independent proceeding and not a supplemental step. Being a distinct action, it must stand on its own footing. *Maker* v. *Bouthier*, 242 Mass. 20, 22. *Clarke* v. *Bacall*, 171 Mass. 292. *Alpert* v. *Mercury Publishing Co.* 272 Mass. 43, 44. *Mellet* v. *Swan*, 269 Mass. 173, 176. *Beserosky* v. *Mason*, 269 Mass. 325, 327. *Powdrell* v. *DuBois*, 274 Mass. 106, 108. *Hopkinton* v. *B. F. Sturtevant Co.* 285 Mass. 272, 275. *French* v. *Kemp*, 271 Mass. 79, 85. *Lynn Gas & Electric Co.* v. *Creditors National Clearing House*, 235 Mass. 114, 116–118.

It is plain, from the record as printed, that the petitions at bar were not commenced within the time limited by G. L. (Ter. Ed.) c. 197, § 9, as amended by St. 1933, c. 221, § 4.

The present petitions do not fall within the saving provisions of G. L. (Ter. Ed.) c. 197, § 12, because the writs

in the original actions were not "abated or defeated in consequence of a defect in the form thereof or of a mistake in the form of the proceeding." See *Gallo* v. *Foley,* 299 Mass. 1, 3–4.

It is not necessary to consider other questions which have been argued. The point already discussed is decisive against the maintenance of these petitions. There was error in the allowance of the petitions to vacate judgment.

*Exceptions sustained.*