SHELL OIL COMPANY *vs.* BUILDING INSPECTOR OF BELMONT. July 12, 1974. October 2, 1972, Shell Oil Company (Shell) filed a petition for a writ of mandamus, seeking to compel the respondent to issue a building permit to the petitioner for the construction of a self-service filling station at a certain location in Belmont (the locus). Following a hearing, a judge of the Superior Court ordered the writ to issue. The respondent appealed; while that appeal was pending the town twice amended its zoning by-law in such fashion as apparently to prohibit the intended use of the locus. Thereafter, on August 31, 1973, the respondent withdrew his appeal. It appears that on September 10, 1973, an assistant clerk of the Superior Court, acting at Shell's request, issued a peremptory writ of mandamus ordering the respondent to issue the permit. On September 21 the respondent filed a petition to vacate judgment (the petition). G. L. c. 250, § 15 (as amended through St. 1972, c. 434). On October 10 the respondent also filed (in the mandamus proceeding) a "motion to recall writ of mandamus and vacate order for judgment" (the motion). Following a hearing on the petition and the motion, the petition was ordered "denied," and the motion was "allowed solely to the extent that the outstanding writ of mandamus is recalled." The respondent did not appeal from the action taken on the petition but did purport to appeal from the action taken on the motion. It appears that the court below considered as a nullity that part of the motion which sought to vacate the order for judgment and allowed the motion to the extent of recalling the writ in order to maintain the status quo pending an appeal by the respondent from the action taken on the petition. No such appeal was claimed. A motion to vacate judgment could have been brought only by the prevailing party. See G. L. c. 250, § 14, prior to its amendment by St. 1973, c. 1114, § 296. Where, as here, the aggrieved party sought to vacate a judgment, a petition (rather than a motion) had to be filed. G. L.

c. 250, § 15. It was settled that such a petition was a separate proceeding, entered and docketed separately. It stood or fell on its own footing. *Lynch* v. *Springfield Safe Deposit & Trust Co.* 300 Mass. 14, 16 (1938). The petition here was filed and docketed as a separate proceeding. It is not before us. We are of the opinion that the appeal from the action taken on the motion brought nothing before us. The appeal is dismissed. An order is to issue commanding the same action as that originally required by the writ.

*So ordered.*

*Ralph H. Willard, Jr.,* Town Counsel (*Richard A. Mahler* with him) for the Building Inspector of Belmont.

*Herman Snyder* (*Steven J. Comen* with him) for the petitioner.