Dolan, RJ.
This is an action in which defendants allege the trial court incorrectly assessed contract damages. The Report indicates that the defendants filed Dist./ Mun. Cts. R. Civ. R, Rule 64(b) requests for rulings of law and that the court denied these requests for rulings of law. We remand for a new hearing on damages for the reason that some of these requests for rulings of law are correct statements of the law and are applicable to the assessment of contract damages.
On December 7,1992, judgment entered for the plaintiffs against all defendants. There were no facts found and no requests for rulings of law filed. However, the plaintiffs were dissatisfied with the amount of damages assessed and timely filed a Dist/Mun. Cts. R. Civ. R, Rule 59 motion for a new trial as to damages only. This motion was allowed and that hearing was held on March 8,1993. Requests for rulings of law were filed by the defendants at this hearing, and the court found for the plaintiffs in a larger amount, again without findings fact. From this judgment defendants have appealed to this division.
The Report indicates that at the closing of the trial for damages and before final arguments, the defendants filed requests for rulings of law. The court did not act on these requests. Such a failure to act is equivalent to a denial of these requests. Kravetz v. Lipofsky, 294 Mass. 80, 84 (1936) .[3] These requests for rulings of law were correct statements of the law and some were applicable to the amount of damages to be assessed.
An example of a correct statement of the law applicable to damages in this case is defendants’ request for a ruling of law that “the method of payment (performance) required by a contract may be varied by a subsequent oral agreement based upon valid consideration. First Pennsylvania Mortgage Trust v. Dorchester Savings Bank, 395 Mass. 614, 625 (1985).” This ruling is applicable to damages in this case because defendants argue that plaintiffs received payments in a manner different than provided in their written contract.
Plaintiffs’ claim results from the transfer of a variety and package store from plaintiffs to defendant Sete Corporation. Under the terms of a written contract associated with the transfer, the plaintiffs were to receive monthly payments from defendant Sete Corporation; the individual defendants guaranteed those payments. *21 Defendants allege that although the monthly payments were not made in accordance with the terms of the contract, plaintiffs’ bills, expenses and debts were paid by them with the knowledge and understanding of the plaintiffs that these sums would be credited against the amount owed by Sete Corporation by reason of the written contract.
By denying the requested ruling that the method of payment required by written contract may be varied by a subsequent oral agreement based upon valid consideration, it cannot be determined if the trial court failed to credit the defendants with the sums allegedly paid for the bills, expenses and debts of the plaintiffs because of an erroneous determination that the method of payment provided by the written contract could not be varied, or because of a finding of fact that such payments were not made as alleged by defendants.
This matter is remanded to the trial court for a new hearing on damages.
So ordered.

Contrary to the Report, it appears from the docket that these requests for rulings of law were filed after the closing of the trial for damages. If they were not timely filed, the trial court had no obligation to act on these requests and this decision would be different. However, the docket is inconclusive and we rely on the language contained in the Report.