Wheatley, PJ.
The defendants have appealed, under Mass. Dist./Mun. Cts. R. A. D. A., Rule 8C, a judge’s denial of their motion to vacate a default judgment. We affirm the decision.
In his complaint, the plaintiff alleged that the defendants (Crystal and Casna) did not pay him regular and overtime wages in accordance with G.L.c. 148 and sought treble damages and attorneys’ fees. The complaint was filed on March 1, 2002 and served in hand on both defendants on March 6, 2002. Application for a default judgment for failure to file an answer was requested on April 1 and entered on April 9, 2002. On April 9, the plaintiff, with notice to the defendants, followed with a motion to assess damages which was heard and allowed on May 15.[1] The defendants were not present at this hearing. The court awarded treble damages in the amount of $8,381.35, which included legal fees of $1,562.50.
Meanwhile, on May 9, Casna filed on behalf of Crystal and himself an answer and a motion to file answer late.[2] The answer was returned to Casna by the Clerk-Magistrate with the notation, “You must mark up motion for a hearing before the Court. Once allowed, you may file your answer.” By letter dated May 15, Casna requested that the motion to file answer late be marked for a hearing on June 12. In response to this, the plaintiff filed a motion for second assessment of damages to include necessary additional legal fees. Then, on May 23, the defendants, now represented by counsel, filed their motion to vacate default judgment and it, too, was marked for hearing on June 12. After hearing, the motion judge denied the defendants’ motion to vacate the default judgment.[3]
In the defendants’ motion to vacate, brought pursuant to Mass. R Civ. R, Rule 60(b), they alleged excusable neglect, no prejudice to the plaintiff, and the existence *136 of a meritorious defense to the action. Rule 60(b)(1) permits a judge to relieve a party from the effect of an otherwise final judgment for reasons of “mistake, inadvertence, surprise, or excusable neglect.” Berube v. McKesson Wine & Spirits Co., 7 Mass. App. Ct. 426, 429 (1979); Bird v. Ross, 393 Mass. 789 (1985). “His action should be exercised so as to promote and not to baffle an orderly and proper administration of justice, and not to encourage carelessness, ignorance, laxity or finesse of practice in the courts.” Alpert v. Mercury Publishing Co., 272 Mass. 43, 45 (1930). Regarding the allegations, the motion judge properly measured the following minimal six factors iterated in Berube, supra, against the defendants’ activities: “(1) whether the offending party has acted promptly after entry of judgment to assert his claim for relief therefrom; (2) whether there is a showing either by way of affidavit, or otherwise apparent on the record, that the claim sought to be revived has merit; (3) whether the neglectful conduct occurs before trial, as opposed to during, or after the trial; (4) whether the neglect was the product of a consciously chosen course of conduct on the part of counsel; (5) whether prejudice has resulted to the other party; and (6) whether the error is chargeable to the party’s legal representative, rather than to the party himself.” Berube, at 430, 431.
The burden of proof in this case is on the moving party. Cullen Enterprises v. Mass. Property Ins. Under. Assoc., 399 Mass. 886, 894 (1987). See Murphy v. Administrator of the Div. of Personnel Admin., 377 Mass. 217, 227-228 (1979). Casna’s supporting affidavit is silent as to any details supporting the claims of absence of prejudice and a meritorious defense. No other evidence relating to these issues appears on the record. These omissions were justification enough for the motion judge to deny the defendants’ motion. Moreover, as to the issue of excusable neglect, Casna simply stated that he did not appear at the May 15 hearing on the assessment of damages because he had filed an answer and “did not think that [plaintiff’s counsel] would appear” and “was not sure what day to appear as [the hearing] was scheduled for Wednesday, May 13, but Wednesday was May 15....”
The standard by which a decision in this area is judged, that is, the reasonable exercise of discretion, involves the “absence of arbitrary determination, capricious disposition, or whimsical thinking.” Berube, at 433, citing Davis v. Boston Elev. Ry., 235 Mass. 482, 496 (1920). See also Croteau v. Swansea Lounge, Inc., 402 Mass. 419 (1988). The motion judge here found that, “[although aware of th[e discrepancy in dates], there is nothing to indicate that the defendants appeared on Monday of that week or looked for clarification from the Clerk-Magistrate’s office. ... Moreover, the acts were conducted by the defendants themselves and, therefore, chargeable directly to them.” “Excusable neglect calls for unique or extraordinary circumstances.... The concept of excusable neglect does not embrace ‘[a] flat mistake of [a party acting as its own counsel] about the meaning of a statute or rule’ or other ‘garden-variety oversight[s].”’ Brown v. Quinn, 406 Mass. 641, 645 (1990), citing Mailer v. Mailer, 387 Mass. 401, 406 (1982). The defendants presented no justifiable basis for their reasoning that the plaintiff’s counsel would not appear at the hearing. They simply chose to act in a cavalier manner and neither determine the proper date nor appear in court on either date. Rather than inadvertence, it was a failure of strategy. They must accept the consequences.
Accordingly, the motion judge’s decision is affirmed and this appeal is dismissed.
So ordered.

The docket reflects an original scheduling for May 13, followed by a rescheduling for May 15 — “Reason: Clerical error.”

 Although the docket does not show that the defendants ever appeared with an answer, a colloquy between the trial judge and defendanf s counsel reveals that Casna did file one.

 Although there was no actual ruling by the trial judge on the defendants’ motion to file answer late, it became moot in the ruling on the motion to vacate the default judgment. Plaintiff’s motion for a second assessment to include fees incurred on June 12 was also denied.